* Per Curiam.
It is very clear that there was no delivery of this deed, so as to give it the effect of passing the estate from the demandant to his son, as whose widow and heirs the tenants claim. The act of registering a deed does not amount to a delivery of it; there not appearing any assent on the part of the son, or even any knowledge that the deed had been executed in his favor, (a) A delivery of a deed, duly executed and acknowledged, to the Register of deeds, aided by a subsequent possession of the deed by the grantee, might be evidence of a delivery to him.
But the facts in the case at bar, testified by the person who acted as the scrivener and magistrate, leave no doubt of the intention of the grantor ultimately to pass this land to his son, but to keep the control over it until he should be more determined upon the subject. He may have chosen to place the deed, perfect as it was, except as to delivery, in the hands of the witness, in lieu of a devise, to operate after his decease ; for nothing was wanting to its *451 complete effect but to direct the witness to deliver it to his son after his own decease. (b) He probably chose to consider it as revocable a-t all times by himself, in case of any important change in his family or estate. Whatever may have been his views, however, he retained an authority over it; and having reclaimed and cancelled it, the tenants can claim no title under it.
Whether a creditor of his son might not have taken it in satisfaction of a debt, in consequence of the credit given by putting such an apparent title upon record, and especially as the son was in actual possession of the premises, need not now be determined. We are satisfied that the title never passed out of the demandant, and that he is therefore entitled to a recovery.

Judgment on the verdict.

ADDITIONAL NOTE.
[A grantor, upon signing a deed, put it before the grantee, saying, “ There is no go back from that,” and the witnesses then attested it; a note, which was to be the con sideration of the deed, was not handed to the grantor, but the two papers were taken up by the grantee, and the parties went to a magistrate, that he might take the acknowledgment, which was thereupon taken and certified, but the grantor withheld the deed from the grantee, who did not then assert or claim that it had been previously delivered. The grantor, in his answer to a bill in equity, denies any delivery. Held, no delivery was proved —Mills vs. Gore, 20 Pick. 28.
The grantor in a deed having previously contracted to make it, and both parties being present at the execution, the grantee took it- up and carried it away without consent of the grantor. Held, no delivery.— Woodman vs. Coolbroth, 7 Greenl. 181.
If a deed be delivered by the grantor to the register of deeds for the grantee’s use, and afterwards assented to by the grantee, a title vests in him from the time of such assent, as against attaching creditors of the grantor. —Hedge vs. Drew, 12 Pick, 141.
As the possession and production of a deed by the grantee is primd facie evidence of delivery; so its being found in the grantor’s hands raises a presumption against any delivery.— Hatch vs. Haskins, 5 Shepl. 391.
The delivery of a deed is a question of fact. — Lindsay vs. Lindsay, 11 Verm. 621. — It is error for the court to pass upon it. — Vanhook vs. Barnett, 4 Dev. 268, acc. — Hannah vs. Swarner, 8 Watts, 9.
As to absolute and conditional delivery of a deed, see Jackson vs. Hill, 5 Wend. 532. — Artcher vs. Whalen, 1 Wend. 179. — Jackson vs. Rowland, 6 Wend. 666. — Clark vs. Gifford, 10 Wend. 310.— Church vs. Gilman, 15 Wend. 656. — Keirsted vs. Avery, 4 Paige, 9. — Hinman vs. Booth, 27 Wend. 267 — Gilbert vs. North American, &c. 23 Wend. 43. — Gibson vs. Partee, 2 Dev. & B. 530. — Sparrow vs. Smith, 5 Conn. 113. — Stewart vs. Stewart, 5 Conn. 317. — Hare vs. Horton, 2 Nev. M. 428 — Exton vs. Scott, 6 Sim. 31.
A deed having been executed before an officer authorized to take acknowledgments, who endorsed upon it a certificate of acknowledgment, the grantor took it, and 'kept it till his death. The grantee was not present at the execution, no formal delivery was made to any other person, and the grantor’s declarations indicated an intent that the conveyance should operate as a testamentary disposition. Held, the deed was ineffectual for want of delivery. — Stilwell vs. Hubbard, 20 Wend. 44.
Delivery to A for the benefit of B is good, until B dissents.— Tate vs. Tate, 1 Dev & B. Eq. 22. — So, though B is an infant. — Ibid.
After the execution of a deed, the maker said to the attesting witness — “ I ac *452 knowledge that to be my act and deed.” Held.no delivery. — Moore vs. Collins. 4 Dev. 384
The agent of A, the grantee, offered to take the deed and carry it to him, he being out of town, but B, the bargainor, objected, saying it might be lost, that he expected A back, and would hand it to him Held, this avoided the effect of B’s preceding words. — Ibid.
If a deed is made to two, and delivered to one only, and nothing said of the othei on the livery; the deed is void as to the latter. —8 Watts, 9.
See Hale vs. Hills, 8 Conn. 39. — Jones vs. Jones, 6 Conn. 111. — F. H.]

 [If the deed was intended to take effect, as such, upon the execution of it, the estate passed without the knowledge and assent of the son at the time, that not being essential to the operation of the conveyance. — In Doe, ex Dem. Garnons, vs Knight, (5 Barn, & Cresw. 671. — 8 D. & R. 348,) it was held that, where a party to any instrument seals it, and declares, in the presence of a witness, that he delivers it as his deed, but keeps it in his own possession, and there is nothing to qualify that, or show that the executing party did not intend it to operate immediately, except the keeping the deed in his hands, it is a valid and effectual deed; and the delivery to the party, who is to take by the deed, or to any person for his use, is not essential. The case was very elaborately argued on both sides; and Best, J., in pronouncing the judgment of the court, argues the case with great learning and ability He says, ;t As to the question whether a deed will operate as a deed, though it is never parted with by the person who executed it, there are many authorities to show that it will.”
He cites Barlow vs. Heveage, Prec. Chan. 211.— Clavering vs. Clavering, Prec. Chan. 235. — 2 Vern. 473. — 1 Bro. P. C. 122. — Naldred vs. Gilham, 1 P. Wms. 577. — Boughton vs. Boughton, 1 Atk. 625. —To show that a delivery to a third person, for the use of the grantee, makes the deed effectual from the instant of the delivery, he cites Stirling vs. Vaughn, 11 East, 623 —Shep. Touch. 57.— Taw vs. Bury, Dyer, 167, b. 1. — Anders. 4. — Alford vs. Lea, 2 Leon. 111. — Cro. Eliz. 54. — Butler and Bakers' case, 3 Coke, 26, b.—2 Roll. Abr. (K), 24, pl. 7. — Bro. Abr. tit. Done ei Remainder, P. C. 29. — 8 Viner, Abr. 488.— Wankford vs. Wankford, 1 Salk 299, 301. — To which may be added Marbury vs. Brooks, 7 Wheat. 556. — Brooks vs. Marbury, 11 Wheat. 78.
In the principal case, if the instrument was executed by the demandant as his deed, binding on him at the time, although it was delivered on the faith and confidence which he reposed in the witness, that he would not part with it until called for, it nevertheless immediately became his deed ; and the estate passed irrevocably to the grantee. — Murray vs. Earl of Stair, 2 Barn. Cresw. 88. — The judge instructed the jury “ that there were no facts in the case that, in law, could amount to a delivery of the deed.” But was it not a proper question for the jury to determine ? —2 Phillips's Evid. 7th ed. p. 145. — Ed.]

 [Surely the deed could not operate as a donatio mortis causa. It must take effect as a deed inter vivos, or not at all, unless it can avail as a testamentary instrument, in which case it must have been duly witnessed according to the statute. — See Hatch & Al. vs. Hatch & Al. 9 Mass. Rep. 311, and cases cited in note (a). —Ed.]