### John Parker *vs.* Hiram Hill & others.

It is no objection to the validity of a deed, that it was not delivered until after it was recorded.

A., who was interested, as *cestui que trust*, in a deed executed by B., but not delivered, surreptitiously obtained the deed and delivered it to the grantee : B. filed a bill in equity against the grantee and *cestuis que trust*, to obtain relief; and an issue to a jury was framed, to try the question whether B., with a knowledge of all the circumstances, ratified and confirmed the delivery of the deed. *Held*, that on the trial of this issue, B.'s declarations to third persons were competent evidence against him.

This was a bill in equity, filed September 14th 1843, in which the plaintiff averred that, on the 28th of July 1841, he was seized and possessed of certain real estate in Pawtucket, and then made a paper, under seal, purporting to be a conveyance of said estate to Hiram Hill, one of the defendants, in trust, for the benefit of the plaintiff's wife, Freelove, and their two children, Phebe P. and Samuel C. Parker ; that the contingency not happening on which he intended to make said conveyance, he never delivered said deed ; that the said Hill, confederating with said Freelove, obtained possession of the deed, without the plaintiff's knowledge or consent, and wrote an acceptance of the trust, and put the deed on record ; that, in December 1841, said Freelove died, and that, on the 29th of March 1842, said Hill made a conveyance of said estate to the said Phebe P. and Samuel C., as in performance of the trust, but in violation of the plaintiff's rights. The prayer of the bill was, that the plaintiff's said deed might be delivered up to the plaintiff, and said estate be reconveyed to him.

At a former term, the court appointed guardians *ad litem* for Phebe P. and Samuel C. Parker, who were minors.

The defendant Hill, in his answer, alleged that the said deed was made by the plaintiff; it being his purpose " to secure, for the benefit of his wife and children, a part of the estate she brought him ; " that the plaintiff brought the deed to him, and requested him to accept the trust in writing, which he did, on the deed ; that the deed was not delivered to him at that time,

but that he received it, soon afterwards, from the plaintiff's wife, with a request to have it recorded; that he sent it to Taunton, to be recorded; and that the plaintiff, soon after, called on him and said he had never delivered the deed to his wife; that he heard nothing more from the plaintiff, after the death of his wife, and therefore considered it his duty to make a deed of the estate to the two children, as he thought he had a right to do; and that all which he had done was done in good faith.

The guardians *ad litem* of the children made an answer, stating that they were ignorant of the facts relating to the conveyance.

A general replication was filed, and evidence was taken by both parties.

At a hearing before *Hubbard,* J. it appeared that the plaintiff's deed to the defendant Hill was dated July 28th 1841, and that the consideration therein expressed was the property which the plaintiff derived from the estate of his wife's father; that the deed was witnessed by two counsellors at law, in Providence, and was acknowledged on the day of its date; that on the back thereof was an agreement to accept and perform the trust mentioned therein, signed by said Hill; that said deed was recorded on the 3d of August 1841; and that the deed of said Hill to said Phebe P. and Samuel C. was dated March 29th, acknowledged May 23d, and recorded June 21st, 1842.

The judge, after hearing the evidence, directed two issues to the jury to be framed, with the consent of the parties. 1st. Whether the deed of Parker to Hill had been surreptitiously obtained from Parker, and put on record without his knowledge or consent. 2d. Whether, with a knowledge of all the circumstances, Parker ratified and confirmed the delivery of the deed The evidence was thereupon submitted to a jury.

Previously to the trial of these issues, the counsel for the defendants moved that Hill should be dismissed from the bill, on the ground that it was, as against him, a mere bill of discovery, and that he had answered fully. This motion was opposed by the plaintiff's counsel, on the ground that, if he

prevailed, he would need a decree against Hill, for a delivery of the trust deed. The judge refused the motion.

The plaintiff's counsel requested the judge to instruct the jury, that it was not necessary, in order to preserve the plaintiff's rights, that he should have instituted proceedings against Hill and the other defendants, before the time when the bill was filed ; and that he lost none of his rights by the delay ; and the judge so instructed the jury, with this qualification, viz. "that such delay might be weighed by the jury, as one circumstance in connexion with others, as tending to prove that the plaintiff had ratified and confirmed the delivery of the deed."

The plaintiff's counsel also requested the judge to instruct the jury, that no declaration of the plaintiff, made to a stranger to the parties to the deed, of his acquiescence in the taking of the deed by his wife, would amount to an affirmance of it. But the judge instructed the jury, that a ratification of the delivery of a deed might be proved by the acts and declarations of the grantor, and that his declarations to a person not a party to the conveyance were admissible in evidence, as tending to prove such ratification, and from which the jury might be warranted in inferring it.

The jury returned a verdict for the plaintiff on the first issue, to wit, that the deed was surreptitiously obtained from him. On the second issue, they found that the plaintiff, with a knowl edge of all the circumstances, ratified and confirmed the delivery of the deed.

Verdict to be set aside, if the rulings and instructions, objected to by the plaintiff, were erroneous ; otherwise, the verdict to stand, and such further proceedings be had, as the court may direct.

*Coffin,* for the plaintiff.

*Colby,* for the defendants.

Shaw, C. J. [After stating the issues, and the finding of the jury.] Two questions have been raised by the plaintiff, upon the report of the trial, and have been argued. *First,* it was insisted, on the authority of Com. Dig. Bargain and Sale, B. 10, that a delivery of a deed, after enrolment, is not good

38 *

But we think the authority cited does not warrant the position. If, however, the law be so in England, it is otherwise in this Commonwealth. Undoubtedly, registration, even by the grantor, will not operate as a delivery, nor supersede the necessity of proof of delivery. *Maynard* v. *Maynard*, 10 Mass. 456. *Barns* v. *Hatch*, 3 N. Hamp. 304. But where both are proved, it is no objection to the delivery of a deed, that it was after the registration. *Harrison* v. *Trustees of Phillips Academy*, 12 Mass. 456. *Hedge* v. *Drew*, 12 Pick. 141.

*Secondly*, it was objected, that evidence ought not to have been received of the admissions of the plaintiff to third persons, in order to prove a ratification of the delivery of his deed. But the court are of opinion that this evidence was rightly admitted. The object was, to prove such ratification by showing that the plaintiff assented to the delivery, with a knowledge of the facts. His declarations, whether to a party or to a third person, were competent evidence, as far as they went, both of such assent, and the knowledge under which it was given *Mountstephen* v. *Brooke*, 3 Barn. & Ald. 141. *Woolway* v. *Rowe*, 1 Adolph. & Ellis, 114. *Bayley* v. *Bryant*, 24 Pick. 203.