### JOSIAH BENNETT *versus* EZEKIEL TREAT, JR.

In an action to recover the amount of a tax assessed in the town of C. upon the defendant, as an inhabitant thereof, and where the defence was that he had removed from that town prior to the first day of May of that year, a copy of the record of an assignment of a mortgage to him, from the registry of deeds, wherein he was described as of C. without any other evidence to connect the defendant with such assignment, is not admissible in evidence against him.

EXCEPTIONS from the District Court, GOODENOW J. presiding.

Among the numerous objections made to the rulings and instructions was the following : —

" As evidence that the defendant continued and admitted

himself to be an inhabitant of the town of Canton, the plain-
tiff offered the record of the assignment of a mortgage from
Jotham Bush to the defendant, from the records of the registry
of deeds for the county of Oxford, vol. 69, page 49, which
may be referred to as a part of this case, which though object-
ed to by the defendant was admitted." No copy of this re-
cord, however, was in the case, but it was said in the argu-
ment, that in this assignment, the defendant was called as of
Canton.

The defendant filed exceptions.

The arguments were mainly on other points.

*Codman,* for the defendant, contended that the copy of the
record of the assignment of the mortgage was improperly ad-
mitted in evidence. The paper was not in his handwriting,
and there was no evidence that he procured it to be recorded,
or had any connexion with it.

*Howard* and *Shepley,* for the plaintiff, said this was ad-
missible, as a declaration, that at that time the defendant lived
in Canton. The putting on record must have been his own
act, as it was solely for his benefit, and no other person would
do it.

The opinion of the Court, Tenney J. not acting in the
decision, was drawn up by

Wells J. — This was an action of debt, brought by the
plaintiff, as collector of taxes for the year 1845. It comes
before us, upon exceptions to the opinion of the Judge of the
District Court.

There are several grounds of exception, but as we are satis-
fied that a new trial must be granted, in relation to the ruling
as to one of them, it becomes unnecessary to examine the
others.

The defence was, that the defendant had removed from the
town of Canton, prior to the first day of May, and had no
residence there at that time.

The Court permitted the plaintiff to introduce, as evidence,

that the defendant continued and admitted himself to be an inhabitant of Canton, " the record of the assignment of a mortgage from Jotham Bush to the defendant, from the records of the registry of deeds for the county of Oxford."

By a rule of this Court, in actions touching the realty, office copies of deeds are, in certain cases admissible in evidence. In this case, the defendant had a right to require the production of the original, or if it was in his own possession, notice should have been given him to produce it, agreeably to another rule of this Court, before the introduction of a copy would be admissible.

If the defendant had received the assignment of the mortgage, in which his residence was alleged to be in Canton, after the first of May, such a fact would be legal evidence. But there was no testimony, showing any knowledge, on the part of the defendant of the assignment, except what would arise from its being recorded. And constructive notice, derived from the registry, does not apply to such case. That is evidence of notice to after purchasers, under the same grantor. *Bates* v. *Norcross,* 14 Pick. 224 ; *Pitcher* v. *Barrows,* 17 Pick. 361. A deed can be recorded without the knowledge of the grantee therein named, and he ought not to be held to have constructive notice by the fact of registry alone of a mere recital in the deed, not affecting the title.

The act of registering a deed does not amount to a delivery of it. *Maynard* v. *Maynard,* 10 Mass. R. 456. But where a registered deed, purporting to have been delivered, has been lost, the presumption is, that it was delivered. *Powers* v. *Russel,* 13 Pick. 69.

There is no evidence, that the original assignment is lost, nor who has the possession of it.

The evidence in relation to the alleged change of residence is not stated in the exceptions, but we are bound to presume there was sufficient to authorize the laying it before the jury, and that the objectionable testimony was considered necessary to rebut what had been introduced by the defendant.

*Exceptions sustained.*