### JOTHAM MERRIAM *vs.* HENRY O. LEONARD.

An appeal from the decision of commissioners of insolvency on the estate of a deceased insolvent, disallowing the claim of a creditor, may be filed within thirty days after the final return of the warrant by the commissioners, on an extension of the time for the proof of claims, although such claim was presented and disallowed before the first return of the warrant.

A mortgage deed, duly executed, acknowledged, and recorded, but not delivered, found among the papers of the mortgagor after his death, to secure the payment to the mortgagee of a demand barred by the statute of limitations. is not sufficient to prevent the operation of the statute.

THIS was an appeal from a decision of commissioners, appointed by the judge of probate to receive and examine the claims of creditors against the estate of Rufus Shumway, deceased, the same having been represented insolvent, disallowing

a claim presented by the appellant. The case was submitted to the court upon the following agreed statement of facts: —

The estate of Rufus Shumway, the appellee's intestate, having been represented insolvent, commissioners were appointed thereon by the judge of probate on the 2d of January, 1849, and were directed, in the warrant issued to them, to give notice of the time and place of their meetings, and make a return of the warrant and of their proceedings under the same, within three months from the date thereof.

The commissioners gave the notice required by law, and made their return of the warrant dated on the 2d of July, and filed in the probate office on the 3d of July, 1849. Among the claims presented before the making of this return, and included therein, was the claim of the appellant, which, as appeared by the return, was disallowed by the commissioners. On the application of creditors, who had not presented their claims, the judge of probate allowed further time for that purpose, from the 7th of August, 1849, for thirty days, and the warrant was again committed to the commissioners, who duly made their return of the same, and of their proceedings under it, in pursuance of the extension. The appellant did not present his claim for allowance subsequent to the first return of the commissioners, but filed his appeal on the 15th of October, 1849.

The claim of the appellant consisted, in part, of the amount due on a note for $24.35, and interest, dated April 8th, 1820, on which was indorsed under date of December, 1823, six dollars, and under date of March, 1837, twenty dollars. The residue of the appellant's claim was for the amount of a note for $265.03, dated March 3d, 1826, and signed by the appellant and the appellee's intestate, jointly and severally, which had been paid by the appellant more than six years prior to the 29th of August, 1848. No other debts, than as above stated, were known to have been owing to the appellant from the appellee's intestate.

After the intestate's death, there was found among his papers a mortgage, duly executed by him to the appellant, of a pew, to secure the payment, as expressed in the same, " of one hun-

dred dollars towards demands he has against said Shumway."
This mortgage was dated the 29th of August, 1845, and was
recorded on the 1st of September following. It was never
delivered to the appellant, nor did he know of the existence of
any such instrument, until he was informed by the adminis-
trator, that it had been found among the papers of the deceased.

*R. Newton*, for the appellant, cited, to the point that the
execution, acknowledgment, and recording of the mortgage,
were a sufficient acknowledgment of indebtedness to take the
debt out of the statute, *Bangs* v. *Hall*, 2 Pick. 368, 374; *Whit-
ney* v. *Bigelow*, 4 Pick. 110.

*F. H. Dewey*, for the appellee, contended that the appeal
was not filed in time, referring to the Rev. Sts. *c.* 58, §§ 4, 8, 9;
and that there was no sufficient acknowledgment or new pro-
mise to take the case out of the statute, citing *Bell* v. *Morrison*,
1 Peters, 351; *Moore* v. *Bank of Columbia*, 6 Peters, 86;
*Bangs* v. *Hall*, 2 Pick. 368; *Gardner* v. *Tudor*, 8 Pick.
206; *Bailey* v. *Crane*, 21 Pick. 323; *Barnard* v. *Bartholo-
mew*, 22 Pick. 291; *Manning* v. *Wheeler*, 13 N. H. 486; *Exeter
Bank* v. *Sullivan*, 6 N. H. 124, 133; *Atwood* v. *Coburn*, 4 N. H.
315; *Brown* v. *Bridges*, 2 Miles, 424; *Whippy* v. *Hillary*, 5
Car. & P. 209; *Routledge* v. *Ramsay*, 8 Ad. & El. 221; *Sum-
ner* v. *Sumner*, 1 Met. 394; *Mumford* v. *Freeman*, 8 Met. 432;
*Gilkyson* v. *Larue*, 6 W. & S. 213.

SHAW, C. J. The court are inclined to think, that the appeal
was seasonably taken, it being within thirty days after the final
report of the commissioners.

Upon the other point, the court are of opinion, that the mort-
gage, never having been delivered, did not amount to the giving
of collateral security, or payment of part, so as to take the debt
out of the statute of limitations. Neither did it amount to an
acknowledgment of the present existence of any debt, or of a
willingness or intention to pay, from which a promise could be
implied. Rev. Sts. *c.* 120, § 13. The deed was never de-
livered, and of course was not an instrument by which the
signer was bound. *Maynard* v. *Maynard*, 10 Mass. 456.
Keeping it in his own possession until his death shows, that
if the debtor had ever any purpose of delivering it, that purpose
was never accomplished.

The case of *Balch* v. *Onion*, 4 Cush. 559, decided last year in Norfolk, affords no authority for the appellant. In that case the deed was duly executed and delivered, and was made to secure the particular note. Besides, that was a suit for the land, and not on the promise, and there was no question on the statute of limitations.

*Exceptions overruled.*