## GEORGE A. SHAW *vs.* JOHN S. HAYWARD.

H., residing in Illinois, made a covenant with S., residing in Boston, to convey to him certain lands in Illinois, the conveyance to be made before a day named. At the time of this covenant, the parties verbally agreed that H. should record the deed in Illinois, before sending it to S., in Boston, but so as to have it in Boston before the day named in the covenant. It was held, that depositing a deed of the lands, duly executed, in the proper registry in Illinois, to be recorded, was a delivery to S., and, if made before the day named, a full performance of the covenant, although the deed was not sent to Boston until after that day.

THIS was an action of covenant broken, brought on an instrument bearing date of the 22d of August, 1844, whereby the defendant, residing in Hillsboro', in the county of Mont-

gomery, and state of Illinois, covenanted to convey to the plaintiff, who resided in Boston, certain lands in Montgomery county, " said conveyance to be made before the first day of January next."

The defendant pleaded the general issue.

At the trial in this court, before *Dewey*, J., the plaintiff proved the execution of the instrument, by the attesting witness, who, in the course of his examination, stated that, at the time of its execution, both parties being present, something was said about Hayward's getting the deed of the land recorded; and that it was understood by both parties, that Hayward should complete and record the deed before he sent it on, but so as to have it in Boston by the 1st of January, 1845; that he was sure that time was mentioned; and that Shaw called Hayward's particular attention to the fact, that the deed must be at Boston, or sent to Boston, by the time named in the bond.

To prove the breach of the covenant, the plaintiff called Ezra Farnsworth, (in 1844, and ever since, a partner of the plaintiff,) who testified that, early in February, 1845, the firm received a letter from the defendant, in his handwriting, addressed to them, bearing date at Hillsboro', January 6, 1845, inclosing a warranty deed, in due form, of the lands described in the bond to convey. The deed bore date of December 3, 1844, and purported to have been acknowledged on the fifth of said December, and left for record at the proper office on the 12th of the same month. It did not appear when the deed was extended on the record; nor did it appear that the defendant gave the plaintiff any notice that it was left for record, before his letter of January 6th, 1845.

The defendant introduced evidence to show that the deed was left for record at the time it purported to have been so left; and also offered in evidence the statute law of Illinois, as to the effect of the record of a deed left for registry.

The defendant contended, and asked the judge to rule, among other things, that the conveyance was duly made at the time the deed was left for record in Illinois, December 12th, 1844, and so the condition of the obligation was per-

formed; that a delivery to the register was a delivery to the plaintiff, if made in pursuance of the direction of the plaintiff; that the arrangement, as testified to by the attesting witness, that the defendant was to get the deed recorded, and return it to the plaintiff before the first of January, 1845, was so far a waiver of the place of delivery, as to make the delivery effectual the moment the deed was left at the registry in Illinois, even though it was not received by the plaintiff in Boston before January 1st, 1845; that effect might be given to so much of that arrangement as to make the delivery perfect; and that, not being inconsistent with the covenant for the fulfilment of the other part of the agreement, he must have his remedy in some other way than under said covenant.

The judge instructed the jury that a delivery after the time stipulated in the covenant was a good and sufficient perform-ance of the covenant, if the plaintiff agreed to the postpone-ment of the time of the delivery, or knowing that the delivery was of a date subsequent to that stipulated for in the cove-nant, received the deed, not refusing or objecting to receive the same.

The judge also, in answer to the prayer of the defendant for the instruction that if the plaintiff requested the defendant to get the deed recorded it was a delivery to the plaintiff at the time it was so left for record, instructed the jury, that if the evidence showed that request in the form stated, and with no limitation or qualification to it, such request might properly be taken to have that effect, and if the defendant complied with that request, so made, and, after executing the deed, left it in the registry of deeds to be recorded by the register as a deed delivered to the plaintiff, this would constitute a good defence to the present action. The presiding judge then called the attention of the jury to that part of the evidence of the subscribing witness tending to establish the fact that the de-fendant was requested to procure the deed to be recorded in Illinois, and also to that part of it tending to show that the plaintiff did not waive the stipulation that the deed was to be forwarded to him at Boston by the first of January, 1845; and directed the jury to consider the whole of the testimony of the

witness, and instructed them, that if, upon this testimony, they found that the delivery of the deed was to be made in Boston at the time above stated, then it would not constitute a de-- fence to this action; that the defendant executed the deed in Illinois, and left it there for record before the 1st of January, 1845, if he did not forward it to the plaintiff until after that date.

The other questions which arose at the trial are not material to be stated.

The jury returned a verdict for the plaintiff. If the instructions given were not sufficiently favorable to the defendant, a new trial was to be granted, otherwise judgment to be rendered on the verdict.

*W. Brigham*, (with whom was *S. Bartlett*,) for the defendant, cited Rev. Sts. of Illinois, c. 24, § § 1, 22, 23; *Cook* v. *Hall*, 1 Gilm. 575; *Duncan* v. *Wickliffe*, 4 Scam. 452; *Doyle* v. *Teas*, 4 Scam. 202; *Bryan* v. *Walsh*, 2 Gilm. 565; *Church* v. *Gilman*, 15 Wend. 656; *Jackson* v. *Bodle*, 20 Johns. 187; *Belden* v. *Carter*, 4 Day, 66; *Wheelwright* v. *Wheelwright*, 2 Mass. 447; *Hatch* v. *Hatch*, 9 Mass. 307; *Foster* v. *Mansfield*, 3 Met. 412; *Maynard* v. *Maynard*, 10 Mass. 456; *Ruggles* v. *Lawson*, 13 Johns. 235; Shep. Touchst. 57, 58; *Hedge* v. *Drew*, 12 Pick. 141.

*H. M. Parker*, for the plaintiff, cited Shep. Touchst. 57, 58; *Jackson* v. *Phipps*, 12 Johns. 418, 422; *Shirley* v. *Ayres*, 14 Ohio, 307, 309; *Maynard* v. *Maynard*, 10 Mass. 456; *Chess* v. *Chess*, 1 Pennsyl. 32; *Kemp* v. *Walker*, 16 Ohio, 118; *Commonwealth* v. *Selden*, 5 Munf. 160; *Ruggles* v. *Lawson*, 13 Johns. 285; *Harrison* v. *Phillips Academy*, 12 Mass. 456, 461; *Barns* v. *Hatch*, 3 N. H. 306; *Bryan* v. *Walsh*, 2 Gilm. 557, 565; *Ferguson* v. *Miles*, 3 Gilm. 358; *Hulick* v. *Scovil*, 4 Gilm. 159, 175, 176; *Jackson* v. *Richards*, 6 Cowen, 617, 619; *Merrills* v. *Smith*, 18 Conn. 257, 261, 262; *Jackson* v. *Dunlap*, 1 Johns. Cas. 114, 116.

SHAW, C. J.    Upon these facts, if the inclosure from Illinois, so that the deed might arrive in Boston before 1st January, 1845, was the act to be performed, the covenant was not fulfilled; if it was the delivery to the register in that state, then

15 *

the defence is sustained.   The defendant requested the court
to instruct the jury that the conveyance was made when the
deed was left with the register, and that that was a delivery
to the plaintiff; but the presiding judge so qualified his in-
structions, that it was left for the jury to determine whether
the acts done constituted a legal delivery.   The covenant was
to convey, and the execution and delivery of a sufficient deed
would pass the title.   What, then, is a delivery?   It is that
which gives effect to a deed, and transmits the title of the
property to be conveyed.   It need not be made to the grantee
himself; for if an instrument be handed to a third person as a
deed, at the request or with the assent of the grantee, it ope-
rates as a delivery.   The request to the defendant to record the
deed, in this case, was a direction as to the mode of delivery.
The only purpose to be attained by this was notoriety and the
publication of the transfer ; and if the grantor deposited the
deed in the registry, to be recorded, at the request, and by the
direction of the grantee, this was a technical delivery, and the
deed took effect therefrom.

If a parol agreement that the deed should be transmitted
to Boston existed, such transmission was not necessary to
complete the delivery; that agreement was separate and
collateral, and its violation was no breach of this covenant.
If it be asked why such an agreement to send the deed to
Boston should be made, it may be answered that it is of great
importance to the grantee, to have the authentic evidence of
title in his own possession, for his greater security.

In the case of *Maynard* v. *Maynard*, 10 Mass. 456, the deed
was delivered to the subscribing witness, to be carried to the
register of deeds by a father, without the knowledge of the
son, and without any authority given to the register to give it
to the son.   Both subsequently occupied the land together,
without any act done to divest their joint possession of its
equivocal character.   The deed was duly recorded, and re-
turned to the witness, who retained it till the son died.   The
father then took it back, and cancelled it.   It was held that,
although registered, it did not operate as a deed, for want of
delivery.

But if delivered to a third party for the use of the grantee, on a future event, it is a good delivery presently. *Wheelwright* v. *Wheelwright,* 2 Mass. 447; *Foster* v. *Mansfield,* 3 Met. 412. So, if delivered to the register to be recorded, and then to be given to the grantee, and he assent, it is a good delivery from the time of such assent. *Hedge* v. *Drew,* 12 Pick. 141. If the first delivery of the deed to the register, was made by the request or direction of the plaintiff, it was the delivery to give effect to the instrument as a deed, and, speaking technically, no other delivery could be made. *Mills* v. *Gore,* 20 Pick. 28.

The verdict must be set aside, and a new trial ordered, unless the plaintiff consents to become nonsuit.