TotteN, J.,
delivered the opinion of the court.
It appears from the bill that Dr. Gerard Troost died intestate at Nashville, Aug. 15th, 1850, and that plaintiff was appointed administrator of his estate. It consists of funds, negro- slaves and other effects. The bill then states that intestate died possessed of a very valuable collection of natural and scientific specimens, with* manuscript catalogues of the same; also of a large, varied, and valuable library of scientific and literary' books; an extensive assortment of engravings and maps, together with suitable and costly presses and furniture, wherein the same were kept. That the sai4 intestate spent most of his life in collecting this cabinet, and that it is estimated to be of the value of fifteen or twenty thousand dollars.
That on the 22nd of June,- 1840, the intestate executed to his two children, Lewis Troost and Caroline *189 Stein, a deed of gift for said cabinet and library; that the deed was duly acknowledged and registered, a certified copy whereof is exhibited with the bill; that said cabinet and library were not delivered into the actual possession of the donees, but remained in the possession and use of said intestate to the time of his death, añd are now in the possession of his administrator; that said intestate was, by profession, a geologist and mineralogist, and continued to make additions to said cabinet and library after the execution of said deed. The two donees and Mary Troost, the widow of intestate, are defendants to the bill; and it seeks to obtain the opinion of the court as to the effect of said gift upon the title of said cabinet and library, and whether the same are assets to be administered or not.
The answers of defendants admit, substantially, the facts stated in the bill, except that the donees say that the cabinet, library and articles named in said deed of gift, were, in legal effect, delivered to them; and that they permitted the same to remain with Gerard Troost as a depository for them; and except that Mary Troost denies any knowledge of the execution of the deed of gift, and insists that the original be produced. It appears from the deposition of Return J. Meigs that the cabinet and library were kept by Doctor Troost in a building called the Laboratory, on college hill, and continued there until his death, without any change of the possession after the execution of said deed. A few days before his death, Dr. Troost conversed with Mr. Meigs about this gift, and said, “If the cabinet and library were to be disposed of now he would make the same disposition of them as he had already made; *190 that be bad made the deed partly to keep the cabinet from being separated.” Mr. Meigs knew of the existence of this deed of gift before the conversation with Dr. Troost, and desired him to settle the balance of bis property on Mrs. Troost, which be said be would do, and would furnish to Mr. Meigs a memorandum for that purpose, but died before it was accomplished. The deed exhibited with the bill purports to be acknowledged by the donor before the clerk of ’ the county court of Davidson, and duly registered.
Counsel for the plaintiff insist that the deed was void, because the cabinet and library were not, at the time, delivered to the donees.
It is true, that delivery is essential to the validity of a parol gift of a chattel or chose in action, whether it be a gift inter vwos or causa mortis/ and without delivery and a transfer of the possession, the title does not pass to the donee. The delivery must be according to the nature of the thing, as the actual delivery of a sum of money, the delivery of the key of a trunk, of a" room, and the like. The effect of a valid delivery is to place the subject of the gift under the control and dominion of the donee, and his title and right to possession become absolute and irrevocable. Noble vs. Smith, 2 Johns. R., 55. Ewing vs. Ewing, 2 Leigh R., 310. Bunn, vs. Markbram, 2 Taunt, 224. 2 Bl. Com., 441. 2 Kent Com., 438. But a gift by deed is valid at the common law though there be no actual delivery of the thing given. Irons vs. Smallprew, 2 B. & Ald., 552. Cains vs. Marley, 2 Yerg. R., 582.
The execution and delivery of the deed are considered to be equivalent to the delivery of the subject of *191 the gift. By onr law the deed of gift is required to be registered, by which notice of the gift is given to creditors and purchasers; 1831, ch. 90, § 1. No inconvenience, therefore, can result in the practical operation of the rule. As between the parties, there can be no reason why the deed should not be conclusive as to the intention of the donor, and the fact that the gift was made. Its execution is a deliberate act, indicating the purpose of the donor as clearly as if there had been an actual delivery of the subject of the gift. Now, in the present case there was no actual delivery of the cabinet and library; they remained in the possession and use of the donor until the time of his death; but the donees say it was with their consent. If the gift were in parol it would be clearly invalid. But the gift is by deed, and may therefore, be valid without actual delivery of the subject of the gift.
We have seen, however, that Mary Troost, one of the defendants, does not admit the execution of the deed; which objection implies that it was not signed, sealed and delivered by the donor.
It is true that delivery is essential to the execution of a deed, but it need not be formal and manual, if the intention to accept the deed manifestly appear. 4 Kent Com., 456. Martin vs. Ramsey, 5 Humph. R., 350. The delivery may be inferred from other facts; and therefore, the possession by the obligee of a deed regularly executed, is prima faeie evidence of its delivery. 4 Peck, 520. 14 Peters, 327. If a deed be made and delivered to the register for registry, without more, that is no delivery; but if the grantor __ directed it to be recorded, or subsequently assented to *192 it, we should consider that equivalent to an actual delivery and acceptance. Maynard vs. Maynard, 10 Mass., 456. Sampson vs. Thornton, 3 Metcalf, 275. 4 Kent Com., 455, note.
Now, the deed in question appears to be regularly executed. It was acknowledged by the donor, and registered. A few days before his death he recognized its existence and declared his purpose that it take full effect. The donees assent, as it seems, to the deed, and claim the subject of the gift under it. From these facts we may infer the delivery and acceptance, in absence of any proof of a formal delivery.
As to the objection that the original was not produced, we do not think that the rule as to secondary evidence applies to the case. The plaintiff represents the title of his intestate, and the contest is properly between him and the donees who claim under the deed. He admits its execution, exhibits a copy, and insists that it is not valid, because the subject of the gift was not actually delivered. In this view the production of the original ■ was not necessary. We have considered the case, therefore, without reference to this last objection, which, from any thing that now appears, is merely formal. But, if in point of fact, it be founded in merit, the party making it will not be precluded by the present judgment.
We consider that the gift was valid, and that it had the effect to vest in the donees the title to the property named in the deed.
The decree of the Chancellor will be reversed.