## JAMES MOLINEUX vs. DANIEL J. COBURN.

Proof of the execution of a mortgage of personal property, and of its delivery by the mort-
gagor or by his authority to be recorded, and of its subsequent possession by the mort-
gagee, is sufficient to authorize a jury to find its delivery.

A demand by a mortgagee of personal property, upon an officer attaching it as the property
of the mortgagor, which describes the mortgage, and states the sum due thereon, and
adds that the mortgagee will hold the attaching creditor responsible for the damages
sustained by the detention of the property, is sufficient to sustain replevin for the prop-
erty, or an action for damages.

In replevin of personal property by the mortgagee, the judge refused to instruct the jury
that the plaintiff, having failed to show that all the property replevied was taken by
the defendant, was not entitled to a verdict; but instructed them that they must be sat-
isfied that the property replevied was included in the mortgage; and the jury returned
a verdict for the plaintiff. *Held,* that the defendant had no ground of exception.

REPLEVIN of chattels claimed by the plaintiff under two mort-
gages from Elisha Woodbury, and attached by the defendant, a
deputy sheriff, as Woodbury's property.

At the trial in the court of common pleas before *Mellen*, C. J.,
the plaintiff offered the mortgages in evidence, and proved their
execution. A son of Woodbury testified that "the second of
said mortgages was handed to him by his sister, at his father's
house in Charlestown, with money to pay for recording the
same; and that, by her direction, he carried it to the clerk's
office to be recorded, and paid for recording."

The plaintiff also offered in evidence the following written
demand: "To Daniel J. Coburn, Deputy Sheriff: You will take
notice that I hold two mortgages upon the property attached by
you as the property of Elisha Woodbury; one of said mort-
gages is dated January 26th 1849, and is recorded in Charles-
town City Records, book 5, page 311; and the other dated July
26th 1852, and recorded in same records, book 7, page 74. There
is now due to me on said mortgages as follows: On the first
mortgage, the sum of one hundred and ninety seven dollars and
ten cents; and on the second the sum of one hundred and fifty
four dollars; and I demand said sums to be paid. You will also
take notice that I shall hold the attaching creditor responsible
for damages sustained by me by the detention of said property
Boston, April 19th 1854.                    James Molineux."

This demand was objected to as insufficient; but the judge verruled the objection.

The defendant requested the judge to instruct the jury that "the plaintiff having failed to show that all the property mentioned in his writ was attached or taken by the defendant, he was not entitled to a verdict; and that the plaintiff had not shown the delivery of the mortgages by Woodbury to him." The judge declined to give the instructions prayed for, but instructed the jury that "they must be satisfied, upon all the evidence, that the mortgages and notes were duly executed by Woodbury, and by him delivered to the plaintiff, and that the property replevied was contained in one of said mortgages, or he would not be entitled to a verdict."

A verdict was returned for the plaintiff, and the defendant alleged exceptions.

*J. W. Emerson*, for the defendant. 1. There was no evidence of a delivery of the second mortgage, which was essential to its validity. *Bullock* v. *Williams*, 16 Pick. 33. *Dole* v. *Bodman*, 3 Met. 139. *Jewett* v. *Preston*, 27 Maine, 400. *Thayer* v. *Stark*, 6 Cush. 11.

2. The demand was not sufficient to enable the plaintiff to maintain this form of action. *Moriarty* v. *Lovejoy*, 23 Pick. 321. *Harding* v. *Coburn*, 12 Met. 333.

3. As only a portion of the property replevied was shown to be claimed under the mortgage, and a general verdict for the whole was rendered, the verdict should be set aside. *Averill* v. *Irish*, 1 Gray, 254.

*E. K. Buttrick*, for the plaintiff.

BIGELOW, J. No one of the positions assumed by the defendant in his argument can be sustained.

1. The objection, that there was no evidence of a delivery of the second mortgage, under which the plaintiff claimed the property in dispute, is not open on these exceptions. The question of delivery is a question of fact. It was submitted to the jury, and they have found it in favor of the plaintiff. The evidence on this point was sufficient to satisfy them, and their verdict cannot be revised as to matters of fact, upon a bill of

11 *

exceptions. Besides; proof of the execution of the mortgage by the mortgagor, its delivery by him or by his authority to be recorded, and its subsequent possession by the mortgagee, was abundant evidence to authorize a jury to find its delivery. *Maynard* v. *Maynard*, 10 Mass. 456. *Ward* v. *Lewis*, 4 Pick. 518. *Hedge* v. *Drew*, 12 Pick. 141.

2. The demand made by the plaintiff on the officer for the amount due on the mortgages is objected to as insufficient to sustain replevin, although it is admitted to have been sufficient to enable the plaintiff to maintain an action of trover. But the statute under which the demand was made does not make its validity depend on the form of action in which the mortgagee seeks to enforce his rights. If it is rightly made, in conformity with the provisions of the statute, the mortgagee can recover his property by replevin, or its value in trover or trespass. Upon looking at the demand in the present case, it seems to be in all respects sufficient.

3. The last objection, that the plaintiff had not shown that all the property replevied was included in the mortgages and attached by the officer, cannot avail the defendant. It is enough that the jury have, under proper instructions, found that the property replevied was included in the mortgages under which the plaintiff claims title.     *Exceptions overruled.*