MELISSA A. ANDREWS *vs.* MELZER T. DYER and another.

Knox. Opinion November 29, 1886.

*Deed. Name of grantee. Presumption.*

In a real action the plaintiff, *Melissa* A. Andrews, claimed title under a deed from her deceased husband running to *Mercy* A. Andrews. The court

instructed the jury as follows: "Now was the deed made to her and delivered to her as her deed? She has it and produces it here, and the presumption, therefore, is that it was delivered to her." *Held*, error.

ON EXCEPTIONS.

The opinion states the case.

*C. E. Littlefield* for plaintiff.

It is immaterial that there is a mistake in the christian name if the deed explains who is intended. A deed to Robert Bishop of E, will be good, though his real name is Roland. 3 Washburn, Real Property, 265.

"A grant therefore to Henry Earl of Pembroke where his name is Robert, is good." *Hall* v. *Leonard*, 1 Pick. 30.

In *Scanlan* v. *Wright*, 13 Pick. 523, Eliza A. Scanlan claimed, under a deed to Eliza A. Castin, and the court held that it was competent to show that she was the person to whom the grant, was made.

"When taking the name and addition together, the deed fully applies to neither, it falls within the rule of a latent ambiguity, and hence a deed to Hiram Gowing, cordwainer, was held to be a deed to Hiram G. Gowing, cordwainer, and not a deed to Hiram Gowing, his son, who was not a cordwainer." *Peabody* v. *Brown*, 10 Gray 46.

A latent ambiguity, as to the grantee, opens the case for explanatory parol evidence. *Kingsford* v. *Hood*, 105 Mass. 496; *Simpson* v. *Dix*, 131 Mass. 184. Or as to another operative part of the deed, as a monument. *Tyler* v. *Fickett*, 73 Maine, 415.

Evidence that the name of a payee was erroneously written in an order is admissible. *Jacobs* v. *Benson*, 39 Maine, 132.

So parol evidence would be admissible to prove that George Houseman and George Hosmer, are the same person. *Jackson* v. *Hart*, 12 Johns. 84.

So here to show, inasmuch as there is no Mercy A., that Mercy A. is really Melissa A. *Vide Jackson* v. *Cody*, 9 Cowan, 142.

This principle is sustained by the best elementary writers. 1 Green. Ev. (13 ed.) § 291, 7; Whar. Ev. §. 953-4; Best

Ev. § 226; 1 Jar. Wills, 260, and note. See also, *Scofield* v. *Jennings*, 68 Ind. 282; *Molberly* v. *Molberly*, 60 Mo. 376; *Ferrill* v. *Hunt*, 68 Ga. 132.

The cases of *Crawford* v. *Spencer*, 8 Cush. 418, and *Whitmore* v. *Learned*, 70 Maine, 283, are undoubtedly relied upon by the defendant. They are precisely alike but are entirely unlike the case at bar.

The general principle upon which the case turns was correctly stated by the court. If any of the illustrations used in the charge go beyond this rule, they also go beyond the necessities of, and are not applicable or necessary to the case, and defendants are not aggrieved by them, and have no right of exception therefor. *Kilpatrick* v. *Hall*, 67 Maine, 543; *State* v. *Pike*, 65 Maine, 111.

*True T. Pierce*, for the defendants, cited upon the point that parol evidence could not be received to contradict, vary or explain instruments in writing:

*Linscott* v. *Fernald* 5 Maine, 496; *Lincoln* v. *Avery*, 10 Maine, 418; *Hancock* v. *Fairfield*, 30 Maine, 299; *Chandler* v. *McCard*; 38 Maine, 564; *Madden* v. *Tucker*, 46 Maine, 367; *Rogers* v. *McPheters*, 40 Maine, 114; *Wellington* v. *Murdough*, 41 Maine, 281; 2 Whart. Ev. 920; 1 Greenl. Ev. 275; 1 Best, Ev. 421; *Hall* v. *Leonard*, 1 Pick. 27; *Crawford* v. *Spencer*, 8 Cush. 418; *Peabody* v. *Brown*, 10 Gray, 45; *Simpson* v. *Dix*, 131 Mass. 179; *Jackson* v. *Foster*, 12 Johns. 488; *Miller* v. *Chrittendon*, 2 Iowa, 315; *Brown* v. *Brown*, 66 Maine, 316.

Plaintiff's remedy is in equity. R. S., c. 77, § 6, cl. 4; *Adams* v. *Stevens*, 49 Maine, 362; *Farley* v. *Bryant*, 32 Maine, 474.

LIBBEY, J. This is a writ of entry. The plaintiff, whose name is Melissa A. Andrews, claims title to the demanded premises by virtue of a deed from James Andrews, her husband, to Mercy A. Andrews, dated July 3, 1875.

The defendants claim the possession of the premises under a lease from James Andrews.

The plaintiff claims that the discrepancy in the name of the

grantee in the deed, arose from a mistake made when the deed was written, that she is, in fact, the grantee, and that it was delivered to her, as the grantee, by the grantor.

On the other hand, the defendants claim that James Andrews did not intend to convey to the plaintiff, that the difference in the name was intentional on his part, and that he never delivered the deed to her to take effect as his deed to her. There was evidence tending to support the position of each side.

On this point the court instructed the jury as follows : "Now was the deed made to her and delivered to her as her deed? She has it and produces it here, and the presumption, therefore is, that it was delivered to her."

We think this was error. True, it is well settled, that, in the absence of any evidence or circumstances to the contrary, the production of the deed by the grantee is *prima facie* evidence of its delivery. 2 Green. Ev. § 297 ; *Maynard* v. *Maynard*, 10 Mass. 456 ; *Hatch* v. *Haskins*, 17 Maine, 391.

But this rule prevails only when the deed is produced by the *grantee*. Here, by the deed alone, the plaintiff does not appear to be the grantee. It can only be made to appear that she is by evidence *aliunde*. The rule given to the jury by the court, required them to find that the deed was delivered to the plaintiff, as her deed, without evidence, identifying her as the grantee. If the instruction had required the jury to find that she was, in fact, the grantee, before they could infer a delivery to her from the production of the deed by her, it would have been correct, but to make out a *prima facie* case she was required only to produce and put in evidence the deed from James Andrews to Mercy A. Andrews. This was, undoubtedly an inadvertence of the presiding justice, but it was calculated to mislead the jury. We know of no authority to sustain it.

*Exceptions sustained.*

PETERS, C. J., DANFORTH, VIRGIN, FOSTER and HASKELL, JJ., concurred.