EDWARD G. NICKERSON & another *vs.* SAMUEL LOUD & others.

Suffolk.    March 25. — April 9  1874.    AMES & DEVENS, JJ., absent.

To induce a court of chancery to order a writing to be cancelled or surrendered, as constituting a cloud upon title, it must at least be an instrument which upon its face is, or with the aid of extrinsic facts may be, some evidence of a right adverse to that of the party claiming relief.

A paper signed by A. and recorded in the registry of deeds, giving notice that certain real estate held by B. is claimed to be subject to a trust in favor of A. and others, and that A. will dispute any title that B. may attempt to make, does not constitute a cloud upon title.

BILL IN EQUITY against Samuel Loud, Albert B. Low, Henry N. Stone and Thomas F. Temple. The bill set forth that the

plaintiffs were on March 24, 1873, and long before and ever since, seised and possessed, as tenants in common, of a parcel of land, wharf and flats, with the buildings thereon, known as McKay's ship-yard, in East Boston; that they derived their title to the same by deed from Charles E. Brigham, under his deed from Donald McKay; that Samuel Loud, Albert B. Low and Henry N. Stone, combining, conspiring and confederating together with Thomas F. Temple, the register of deeds for the county of Suffolk, to injure, annoy and prejudice the plaintiffs in their rights and property in the estate aforesaid, on March 15, 1873, executed a paper, of which the following is a copy : " To all whom it may concern. The undersigned hereby give notice that they will dispute the validity of any title which Charles E. Brigham may attempt to give of McKay's ship-yard and wharf adjoining the estate of Paul Curtis on Border Street in East Boston, and being the same premises conveyed to said Brigham by Donald McKay by deed dated March 22, 1871, and recorded with Suffolk Deeds, lib. 1040, page 10. Henry N. Stone, Samuel Loud, Albert B. Low. Boston, March 15, 1873 ; " that having executed the same and delivered it to Temple, he, as said register, recorded the same in the registry of deeds for said county, with the deeds thereof, where the same is now remaining of record ; that said defendants in further pursuance of said combination, confederacy and conspiracy, on March 24, 1873, made and executed another paper, of which the following is a copy: " To all whom it may concern. This is to give notice that, in behalf of myself and others, I claim that a certain piece of real estate, situate in East Boston on Border Street, and known as McKay's ship-yard and adjoining the yard of Paul Curtis's heirs, is subject to a trust in our favor. The said title to said property is now in Edward G. Nickerson or Isaac Pratt, Jr., and I shall dispute any title that he may attempt to give. Samuel Loud, Henry N. Stone. March 24, 1873 ; " that having executed the same, and delivered it to said Temple, he thereupon recorded the same in the registry of deeds for said county, with the deeds thereof, where the same now remains of record ; that as soon as the plaintiffs were informed and knew that said papers had been recorded, they called upon the defendants, and required that the same should be withdrawn from said record, so that no cloud should be and remain upon

their title to the premises aforesaid by reason thereof; that the defendants refused and still refuse to comply with the request of the plaintiffs, but instead thereof placed upon the margin of the record of the first paper aforesaid the following memorandum: "Boston, March 27, 1873. We hereby waive all claim, right and interest or title we may have under the instrument here recorded. H. N. Stone, Samuel Loud, Albert B. Low. Witness, Charles W. Kimball;" and, upon the margin of the record of the second paper aforesaid, the following memorandum: "Boston, March 27, 1873. We hereby waive all claim, right and interest we may have under the instrument here recorded. Samuel Loud, Henry N. Stone. Witness, Charles W. Kimball." The bill then averred that the defendants had no right to execute said papers for the purpose of recording the same in the registry of deeds as aforesaid, and that Temple had no right to record the same, and did so in violation of his duty as register of deeds; that the memoranda placed in the margin of the record by the defendants do not remedy the wrong and injury suffered by the plaintiffs as aforesaid, but said record still remains, and is a cloud upon the title of the plaintiffs, whereby the plaintiffs have lost a sale of the said premises to parties who would have purchased the same of the plaintiffs at a valuable price, being afraid of the title by reason of the record aforesaid, and in consequence thereof refusing to complete the purchase and take a deed of the premises as they otherwise would have done; that the plaintiffs have been and are deprived of the opportunity to sell the same, and are compelled to hold the same to their great disadvantage and injury.

The prayer of the bill was that the defendants " be required to withdraw said papers and memoranda from the records of the registry aforesaid, and that said records be reformed and expurgated so that no cloud shall be and remain upon the title of the plaintiffs in the premises aforesaid; and that the defendants be decreed to pay to the plaintiffs all damages they may have suffered by reason of the premises; and for further relief."

To this bill the defendants demurred for want of equity; and *Morton*, J., reserved the case for the consideration of the full court upon the bill and demurrer.

*C. R. Train,* for the plaintiffs. The only question submitted upon the bill and demurrer is, whether the acts complained of constitute a cloud upon the plaintiffs' title. The first paper put on record disputes the validity of the title of Brigham, who is the plaintiffs' grantor. The second paper recorded alleges that the estate is subject to a trust in favor of Loud, Stone and others, and although it might perhaps be claimed, that these parties have by their waiver in the margin of the record waived any claim of their own, yet they have made a claim for others which is not relieved by their waiver, as they do not remove the imputation that the estate is charged with a trust in favor of third parties. The papers recorded are placed on the public records of the county without right, and against law. The register of deeds has no authority to record such papers. The register is to record those instruments which the law requires to be recorded, and he is not to record anything else. He cannot be compelled and he is not at liberty to record anything else. Gen. Sts. *c.* 17, § 97. These papers thus placed on record are a perpetual cloud upon the plaintiffs' title. 1 Story's Eq. Juris. (11th ed.) § 700 *a.* *Martin* v. *Graves,* 5 Allen, 601. *Clouston* v. *Shearer,* 99 Mass. 209. *Sherman* v. *Fitch,* 98 Mass. 59. *Sullivan* v. *Finnegan,* 101 Mass. 447. The papers by the fact of their being recorded acquire an unusual importance; are *quasi* official; to some extent, are regarded as deeds. [WELLS, J. Is there any case where a deed between utter strangers is held to be a cloud upon the title?] I do not know that there is. Our claim is that the register had no right to put these papers on record and that they are a cloud on our title. [WELLS, J. If a deed between strangers would not be a cloud, how can an instrument not acknowledged, and therefore not entitled to be on record, be a cloud?]

*E. H. Derby,* for the defendants, was not called upon.

GRAY, C. J. In order to induce a court of chancery to order a writing to be cancelled or surrendered, as constituting a cloud upon title, it must at least be an instrument which upon its face is, or with the aid of extrinsic facts may be, some evidence of a right adverse to the plaintiff's. The writings which the defendants in this case have caused to be recorded in the registry of deeds are mere assertions, which cannot under any circumstances

be evidence against the plaintiffs or in favor of the defendants. Such writings, whether recorded or unrecorded, do not constitute a cloud upon title, against which equity will grant relief. *Peirsoll* **v.** *Elliott*, 6 Pet. 95. If they were unlawfully recorded, and to the injury of the plaintiffs, their remedy, if any, is by action at law for damages.          *Demurrer sustained and bill dismissed.*