### WILLIAM H. MᶜNEIL *vs.* SAMUEL T. AMES & others.

Suffolk. March 24. — Sept. 1, 1876. DEVENS & LORD, JJ., absent.

A. purchaser at a sale on execution of a leasehold estate stands in the position of an assignee in law of such estate, with substantially the same rights as if it had been voluntarily assigned to him by the lessee; and an assignment and sub-leases made subsequently by the lessee are void, and do not constitute a cloud upon the title affording ground for relief in equity.

This court will not take jurisdiction in equity to compel a lessee, whose term for years has been sold under an execution, to deliver up to the purchaser the counterparts of his lease and sub-leases which are recorded.

This court has no jurisdiction under the Gen. Sts. c. 113, § 2, *cl.* 6, of a bill in equity, by an assignee in law of a leasehold estate, against the lessee, who claims the rent of a tenant, if it appears that a judgment at law in favor of the plaintiff will be conclusive and afford him the same relief as a suit in equity.

BILL IN EQUITY, filed December 30, 1875, against Samuel T Ames, Lucy Ann Harris, James B. Ames, Jacob Bambauer, Henry P. Bambauer, Arnold Kendall and Henry H. Barrows, alleging as follows :

That Lucy Ann Harris leased to Samuel T. Ames, by two separate indentures, two lots of land in Boston, one on Summer Street and the other on Lincoln Street, each lease being dated September 24, 1866, and being for the term of twenty years from January 1, 1867, at a rent of $2700 and $300, respectively, payable quarterly; that the lessee built a store on the Summer Street lot, covering that or a part of that, and running back and covering also the rear part of the Lincoln Street lot, and another store on a part of the Lincoln Street lot, leaving a strip used as a passageway, and another piece of the land, between the two buildings, vacant, it being done at an expense of $30,000, paid by Ames; that said Ames, in 1873, gave two sub-leases, one of the store on Summer Street, to Kendall & Barrows, and the other, of the store on Lincoln Street, to H. P. Bambauer, at a rent reserved to Ames of $7000 and $1500, respectively; the underleases being each for the balance of the period named in the original leases, the lease to Kendall & Barrows being acknowledged and recorded, the other not.

That the Lancaster National Bank levied upon and sold the leasehold estates or terms of years held by Ames, upon an execution in its favor against him, and caused the same to be sold and conveyed thereon, the seizure being duly made August 11, 1875, and the sale duly made November 27, 1875, E. N. Harris purchasing one, and conveying the same at once to the plaintiff, and the plaintiff purchasing the other, taking deeds thereof from the sheriff; that they respectively entered upon the premises, offered to pay rent to the original lessor, and to comply with the other covenants of the leases from Lucy Ann Harris; notified the sub-lessees and Jacob Bambauer, who was in possession of the Lincoln Street building as tenant, of the levy, and demanded rent of them; that Ames did not lease and convey in the underleases all of the estates; that the original lessor required the plaintiff to procure $10,000 insurance, as provided in the original lease, payable to her in case of loss; and he did so to her satisfaction and acceptance; that Ames recognized the validity of the

levy, and by his procurement and consent the judgment creditor paid, after the levy and before the sale, rent due and accruing to the original lessor, and the plaintiff was induced to buy in reliance upon Ames's said conduct, and his statement or assurance that the levy was valid, and the sale would be effectual to pass the leasehold estates.

That Ames afterwards conspired and confederated with Kendall & Barrows, Jacob Bambauer, and his son, James B. Ames, to deprive the plaintiff of the benefit of his purchases and as assignee in law of the leasehold estates; that he retains and withholds, after notice and a demand for the counterparts of the leases and sub-leases, and refuses to deliver them to the plaintiff; declines to give up the leasehold premises, or recognize any rights of the plaintiff therein; proceeds to execute and deliver an assignment of the sub-leases and the original leases to his son, ostensibly for the benefit of his creditors, but really in fraud of the plaintiff's rights, and in pursuance of said fraudulent combination; and he and his son claim a right to collect the rents of Kendall & Barrows under the lease to them, and Kendall & Barrows refuse to recognize the plaintiff as entitled to the rent, and insist upon paying to Ames and his son, by virtue of the pretended assignment; that they do not pay Lucy Ann Harris her rent due, subjecting the leases to forfeiture; that after the levy was made and the parties knew of it, Samuel T. Ames proceeded to make and give fraudulently to Jacob Bambauer a new lease of the Lincoln Street store, dating it back to August 2, 1875, so as to make it appear to have been given before the levy, with a rent reduced to $1000 a year, with taxes, which new lease was in turn given up and another given in its place in November, 1875, antedating it to August 2, 1875, and with a rent reserved of $1000 a year, without taxes; that this was fraudulent, and done in pursuance of said fraudulent combination; that said Ames, then pretending that this last named lease was given before the levy, as stated, assigned the same under seal to the plaintiff, making no claim to that portion of the lands covered by the same, recognizing and acknowledging his rights as assignee in law to this sub-lease; that this was done to deceive the plaintiff and to defraud him, giving Jacob Bambauer the demised premises at a reduced rent; that the sub-lease to Henry P. Bambauer

was never surrendered or cancelled, but was in full force, and the lessee thereunder is willing to and has recognized his liability thereunder to pay rent to the plaintiff; that, after the levy, Samuel T. Ames, under said combination, got, or pretends that he got, of Jacob Bambauer, the rent due on the Lincoln Street store in advance to January 1, 1876, and of Kendall & Barrows to April 1, 1876; that said parties claim that the sub-leases operated and were in fact assignments of the leasehold estates, and not sub-leases, and passed all of the lessee's estates therein, so that there was no property subject to a levy and sale upon execution; whereas the plaintiff claims that they were sub-leases, and did not pass all of the property and estates of the lessee, and that he became assignee in law of the leasehold estates or terms of years created under the original leases, with a right to the sub-leases as incident thereto.

That the lease to Jacob Bambauer and the assignment to James B. Ames are fraudulent, and put a cloud upon the plaintiff's title, and serve to embarrass the same and obstruct him in his rights, and that they should be set aside; that Ames and his son should be restrained from interfering with the estates and the sub-tenants, and from collecting any rents under the sub-leases; that Lucy Ann Harris should be compelled to recognize the plaintiff and receive rents from him as assignee of the leasehold estates under her leases, and the plaintiff be permitted to pay the rent due her, and perform the other covenants contained in the leases to prevent a forfeiture; that Ames be compelled to deliver to the plaintiff the counterparts of the leases and sub-leases, and the sub-tenants, Kendall & Barrows, Henry P. Bambauer and Jacob Bambauer should be compelled to recognize as assignee, and pay rents to the plaintiff under the sub-leases, and desist from paying to the said Ames and his son, or either of them, and should be compelled to account for and pay over the rents which have accrued since the levy was made; that if the sub-leases are operative as assignments, Ames and his son, or one of them, are liable to pay to Lucy Ann Harris, in contribution, a part of the rent to be paid her on the Lincoln Street lease, and that this be determined in the alternative.

The bill contained a prayer to this effect, and for an injunction, and for general relief. Copies of the original leases and

the sub-leases, as alleged, to Kendall & Barrows and H. P. Bambauer, were annexed to the bill. These are omitted as immaterial under the opinion of the court.

Henry P. Bambauer answered, admitting all the material allegations of the bill; and the other defendants demurred for want of equity.

Hearing before *Gray*, C. J., who reserved the case, at the request of the parties, upon the bill, and the answer of Henry P. Bambauer, and the demurrers of the other defendants, for the determination of the full court.

*J. L. Thorndike*, for Harris.

*J. B. Ames*, for the other defendants.

*A. A. Ranney*, for the plaintiff.

MORTON, J. The only ground upon which the plaintiff can maintain an action, either at law or in equity, is that at the time of the levy of the execution in favor of the Lancaster National Bank, Samuel T. Ames held terms for years or leasehold estates in the premises in controversy, which were duly seized and sold under said execution. Assuming this to be so, the plaintiff stands in the position of an assignee in law of the terms for years, with substantially the same rights as if they had been voluntarily assigned to him by Ames. His remedy at law to enforce his rights as such assignee is plain, adequate and complete. He can compel the under-lessees to pay the rent agreed to him, and can enforce the performance of the covenants of the lessor in her leases. *Howland* v. *Coffin*, 9 Pick. 52. *Shelton* v. *Codman*, 3 Cush. 318. *Patten* v. *Deshon*, 1 Gray, 325. *Hunt* v. *Thompson*, 2 Allen, 341.

If then we assume, as contended by the plaintiff, that the deeds from Ames to Kendall & Barrows and to Bambauer operated as under-leases and not as assignments, the plaintiff has a complete remedy at law against the under-lessees. The fact that Ames has made other sub-leases and an assignment to his son since the plaintiff's title accrued, does not affect the question. If the plaintiff's claim is well founded, such sub-leases and assignment are null and void, and they cannot embarrass the plaintiff in the prosecution of his legal remedies. They do not constitute a cloud upon his title so as to give the court jurisdiction in equity upon that ground. *Commonwealth* v. *Smith,*

10 Allen, 448. *Nickerson* v. *Loud,* 115 Mass. 94. *Pratt* v. *Pond,* 5 Allen, 59. *Clouston* v. *Shearer,* 99 Mass. 209. Nor will the court entertain jurisdiction in equity of the case upon the ground that Ames refuses to deliver the counterparts in his possession of the leases from Harris to him, and of his underlease to Kendall & Barrows. The bill avers that these leases are recorded, and copies are annexed to the bill. The deeds themselves are not necessary as evidence of the plaintiff's title, and the retention by Ames of his counterparts cannot defeat or impair the plaintiff's remedies at law.

The plaintiff contends that the court has jurisdiction, because this is a case in which " there are more than two parties having distinct rights or interests which cannot be justly and definitely decided and adjusted in one action at the common law." Gen. Sts. *c.* 113, § 2, *cl.* 6. But the fact that the plaintiff and Ames both claim the rent of the tenant does not give either of them the right to maintain a suit in equity. It may be that the tenant could maintain a bill in equity in the nature of a bill of interpleader. A judgment against him at the suit of the plaintiff or of Ames might not protect him against the claim of the other, and therefore his remedy at law might be inadequate. But the plaintiff's rights are fully protected by a suit at law. A judgment in his favor for the rent would be conclusive, and would afford him the same relief that he can obtain by a suit in equity.

We are of opinion upon the whole case that the plaintiff's bill states a case in which he has a plain, adequate and complete remedy at law. As, therefore, we have no jurisdiction of the case, we have not considered the question whether the underleases by Ames operated as an assignment of all his estate or interest in the premises leased to him.

*Demurrer sustained, and bill dismissed.*