## WILLARD F. BARNES *vs.* ALICE L. BARNES.

Suffolk.   January 23, 1894. — May 18, 1894.

Present: FIELD, C. J., ALLEN, MORTON, & BARKER, JJ.

*Delivery of Deed — Cloud on Title.*

On a bill in equity filed for the cancellation of a deed, it appeared that the plaintiff signed and sealed a deed purporting to convey a parcel of land to the defendant, and caused it to be recorded.   He then received it back, but did not hold it as the agent or guardian of the defendant or on his behalf.   It never was in the possession of the defendant or of any one representing him, and the plaintiff, on request, refused to surrender it.   Before such request, but after he had received it back from the registry, he communicated its existence to the defendant, and spoke to him of the land described in it as his, as he then supposed it was.   The defendant assented to the transaction so far as he could when told of it.   When the plaintiff had the deed recorded, he meant to pass the title to the defendant, and supposed he was doing so, but throughout he kept possession of the land.   *Held,* that the deed was never delivered, or became operative, and that the plaintiff was entitled to a decree.

BILL IN EQUITY, filed November 25, 1892, for the cancellation of a deed alleged not to have been delivered to the defendant, and constituting an alleged cloud on the title of the plaintiff.

Hearing before *Holmes,* J., who entered a decree for the plaintiff, and, at the request of the defendant, reported the case for the consideration of the full court, in substance as follows.

The plaintiff, on June 2, 1883, signed and sealed a deed purporting to convey a parcel of land in Boston to the defendant, and caused it to be recorded.   He then received it back, and it never was in the possession of the defendant or of any one representing her.   The plaintiff never held the deed as the agent or guardian of the defendant or on her behalf, and, when requested by her counsel to surrender the deed, refused so to do.   Before such request, but long after he had received the deed back from the registry, he communicated the existence of the deed to the defendant, and spoke to her of the land described in it as hers, as he then supposed it was.   The defendant assented so far as she could to the transaction when

it was communicated to her. When the plaintiff had the deed recorded he meant to pass the title to the defendant, and supposed that he was doing so. Throughout the transaction he kept possession of the land.

*J. Prentiss & O. R. Mitchell*, for the defendant.

1. The effect of a manual delivery is in all cases a question of the intent with which the act is done.

(*a*) If there is no intent, no act can amount to a delivery. *Maynard* v. *Maynard*, 10 Mass. 456. *Mills* v. *Gore*, 20 Pick. 28. *Hawkes* v. *Pike*, 105 Mass. 560. *Wall* v. *Hickey*, 112 Mass. 171. *Shurtleff* v. *Francis*, 118 Mass. 154. *Hale* v. *Joslin*, 134 Mass. 310. *Johnson* v. *Baker*, 4 B. & A. 440. *Gudgen* v. *Besset*, 6 El. & Bl. 986. *Parker* v. *Dustin*, 22 N. H. 424. *Taft* v. *Taft*, 59 Mich. 185.

(*b*) If there is an intent and an act, the title passes presently. *Shaw* v. *Hayward*, 7 Cush. 170. *Garnons* v. *Knight*, 5 B. & C. 671. *Church* v. *Gilman*, 15 Wend. 656. *Commercial Bank* v. *Reckless*, 1 Halst. Ch. 430. *Blight* v. *Schenck*, 10 Penn. St. 285. *Alexander* v. *Alexander*, 16 Reporter, 329. *Moore* v. *Giles*, 49 Conn. 570. *Glaze* v. *Three Rivers Farmers' Ins. Co.* 87 Mich. 349.

In those jurisdictions where assent of the grantee to receive the benefit offered to him is held to be requisite, a delivery to a third person with intent to pass title has been held good in the following cases.

The grantee having assented before execution; *Hedge* v. *Drew*, 12 Pick. 141; *Church* v. *Gilman*, 15 Wend. 656; or where the grantee knew of the delivery; *Wheelwright* v. *Wheelwright*, 2 Mass. 447; *Hall* v. *Harris*, 5 Ired. Eq. 303 ; or where the grantee subsequently assented; *Harrison* v. *Phillips Academy*, 12 Mass. 456, 461; *Marsh* v. *Austin*, 1 Allen, 235; *Cowell* v. *Daggett*, 97 Mass. 434.

There is no distinction to be drawn between delivery to a register of deeds in its operation upon the title, the other requisites being present, and delivery to any other third person. *Hedge* v. *Drew*, 12 Pick. 141. *Mitchell* v. *Ryan*, 3 Ohio St. 377.

2. If there is an intent and words to indicate it, the actual performance of any particular act is unnecessary. *Moore* v. *Hazelton*, 9 Allen, 102. *Regan* v. *Howe*, 121 Mass. 424. *Snow*

v. *Orleans*, 126 Mass. 453.    *Garnons* v. *Knight*, 5 B. & C. 671.
*Exton* v. *Scott*, 6 Sim. 31.    *Lloyd* v. *Bennett*, 8 C. & P. 124.
*Xenos* v. *Wickham*, L. R. 2 H. L. 296.    *Jones* v. *Swayze*, 13
Vroom, 279.    *Ruckman* v. *Ruckman*, 5 Stew. 259.    *Toms* v.
*Owen*, 52 Fed. Rep. 417.    *Scrugham* v. *Wood*, 15 Wend. 545.

Where a delivery of a deed to a register of deeds with intent
to pass title is found as a fact in the lower court, the question
whether there has been a valid delivery is not open in an appel-
late court.    *Hedge* v. *Drew*, 12 Pick. 141.    *Moore* v. *Giles*, 49
Conn. 570.    *Alexander* v. *Alexander*, 16 Reporter, 329.    *Glaze*
v. *Three Rivers Farmers' Ins. Co.* 87 Mich. 349.

*E. H. Savary*, for the plaintiff.

MORTON, J.    It is expressly found in the report that the
plaintiff never held the deed as the agent or guardian of the
defendant, or on her behalf, and that it never has been in her
possession or in that of any one representing her.    The plaintiff
has always kept possession of the land, and has always had
actual possession of the deed, except when it was at the regis-
try.    There is no finding that, when he carried the deed to be
recorded, he delivered it to the register as the agent of or on
behalf of the defendant, or for her use, or to be transmitted to
her.    It is not found what the consideration was, nor that there
was any.    When the plaintiff had the deed recorded, he meant
to pass the title to the defendant, and supposed that he had
done so, but he did no act except to make and execute the
deed, and cause it to be recorded.    Long after he had received it
back he communicated its existence to the defendant, and spoke
of the land as hers, as he supposed it was, but he did not then,
or at any time, say that he was holding the deed for her, or
would give it to her.    She assented to the transaction, so far as
she could, when told of it.

It is well settled in this State that the leaving of a deed by
the grantor with the register for record, and the recording of it
by the register, do not constitute a delivery.    *Maynard* v. *May-
nard*, 10 Mass. 456.    *Samson* v. *Thornton*, 3 Met. 275.    *Brabrook*
v. *Boston Five Cents Savings Bank*, 104 Mass. 228, 231.    *Hawkes*
v. *Pike*, 105 Mass. 560.    *Commonwealth* v. *Cutler*, 153 Mass. 252.
*Parrott* v. *Avery*, 159 Mass. 594.    All that this case adds is the
unexpressed intention on the part of the grantor when he had

the deed recorded, to pass the title to the defendant.   In order
to render that intention effectual he should have manifested by
some act or declaration his purpose that what took place should
be regarded as a delivery to or for the grantee.·  Otherwise one
might convey land by executing and recording a deed with in-
tent to pass the title without any delivery of the deed by which
the transfer is effected.   If the question were a new one there
would perhaps be nothing difficult or impracticable in the con-
ception that the act of leaving a deed with the register for
record by the grantor with the intent on his part thereby to vest
the title in the grantee should constitute the register the agent
for delivery of the grantee, and that upon the assent of the
grantee the transaction should take effect as a valid delivery.
But we think the law is otherwise in this State, and that the
ruling of the presiding justice was correct, and that the plaintiff
is entitled to a decree.                        *Decree accordingly.* .