ANNA S. LORING & another *vs.* HENRY M. WHITNEY.

Essex. January 28, 1897. — February 24, 1897.

Present: FIELD, C. J., ALLEN, HOLMES, & KNOWLTON, JJ.

*Agreement to purchase Land — Specific Performance — Deed of Trust — Defective Title.*

If the owner of land puts on record a deed of trust for the benefit of his wife and daughter for life and then to their heirs or appointees by will, with a power of sale upon the written consent of the wife and daughter, and the person named in the deed as grantee and trustee declines to accept the trust and seeks to

annul it, so far at least as he is concerned, by executing a deed of release to the original owner, in which the wife and daughter join, but no proceedings are had in court to cancel or annul the deed, nor any further positive steps are taken in this direction by the grantor, except that he afterwards remains in possession of the premises, the title is not so free from doubt, even if it is assumed that the deed of trust was not delivered, that a person agreeing to purchase free from all encumbrances ought to be compelled to accept it.

BILL IN EQUITY, filed April 7, 1896, for the specific performance of a written agreement to purchase an estate, " conveyance to be made by a good and sufficient quitclaim deed giving clear title and free from all encumbrances, . . . title to be good or sale void." Hearing before *Allen,* J., who reported the case for the determination of the full court. The facts appear in the opinion.

*A. L. Huntington,* for the plaintiffs.

*R. D. Weston-Smith,* (*J. R. Carret* with him,) for the defendant.

ALLEN, J. In some cases, although there may be a remote chance that a title may be exposed to litigation and finally held to be imperfect, yet the risk may be found to be so small that a purchaser will be held to accept it. *Cushing* v. *Spalding,* 164 Mass. 287. *Hayes* v. *Harmony Grove Cemetery,* 108 Mass. 400. In other cases, if a reasonable doubt exists as to the validity of the title, or if there is a chance of litigation, although somewhat remote, it is held that the purchaser ought not to be compelled to take the risk. *Daniell* v. *Shaw,* 166 Mass. 582. *Hunting* v. *Damon,* 160 Mass. 441. The present case falls within the latter class.

The owner of the land put on record a deed of trust for the benefit of his wife and daughter for life, and then to their heirs or appointees by will, with a power of sale upon the written consent of the wife and daughter. The person named in the deed as grantee and trustee declined to accept the trust, and sought to annul it, so far at least as he was concerned, by executing a deed of release to the original owner, in which the wife and daughter joined. But no proceedings were had in court to cancel or annul the deed, nor were any further positive or active steps taken in this direction by the grantor, except that he afterwards remained in possession of the premises.

A question arises at the outset whether the deed of trust was ever delivered. The evidence at present is satisfactory to show

that it was not, and it was so found at the hearing. See *Barnes* v. *Barnes*, 161 Mass. 381. This finding, though conclusive upon the wife and daughter, would not be so upon their heirs, whose claim would arise under the deed, and not by succession. The outside facts tend somewhat to show a delivery, and in the absence of the testimony of the grantee it is possible that a delivery might hereafter be found to have been made. Certainly, if the deed was delivered, or if it should ever be so found, a valid trust was created, and, if made, it has never been terminated so far as the interests of the heirs of the grantor's wife and daughter are concerned.

But if it should be assumed that there was no technical delivery of the deed, the question remains whether, nevertheless, it could be construed as creating a trust. The grantor having died, his intentions must needs be inferred from his acts. When he put the deed of trust on record, did he intend thereby to create a trust, and did he suppose that he had done so? If such were his intent and supposition, would or could the instrument be construed as creating a trust, although not so delivered as of itself to vest a title in the grantee? We cannot say that these questions are so free from doubt that the defendant ought to be held to accept the title. In the full and excellent brief of the defendant many cases are cited to show possible risk from this source, of which we need only to refer to *Adams* v. *Adams*, 21 Wall. 185, and the cases collected in Ames's Cases on Trusts, 106. The deed itself recognized the possibility of a successor in the trust, and provision for the appointment of a new trustee, when the original trustee under a written instrument declines, is made by Pub. Sts. c. 141, § 5.

Under certain circumstances, a bill in equity to annul or cancel a deed of trust may be maintained. *Barnes* v. *Barnes*, 161 Mass. 381. *Taylor* v. *Buttrick*, 165 Mass. 547. *Keyes* v. *Carleton*, 141 Mass. 45. *Garnsey* v. *Mundy*, 9 C. E. Green, 243. This form of remedy to clear the title, however, was not sought in the present case.

While the risk of a claim of a beneficial interest by heirs or appointees of the wife and daughter may be and probably is small, it is nevertheless a risk which the defendant ought not to be held to assume. As suggested in the brief, he might have to

defend his title in the Federal courts, where the doctrine of *Adams v. Adams*, 21 Wall. 185, would not be open to question.

Without dwelling upon other points presented, the entry must be,                                        *Bill dismissed.*