CARTER et al. v. COUCH.

(Circuit Court of Appeals, Fifth Circuit. May 25, 1897.)

No. 549.

1. RES JUDICATA—COLLATERAL ATTACK.
   A money judgment recovered in a case in which the defendant sets up a discharge in bankruptcy is conclusive, in a collateral proceeding, both of the fact of indebtedness, and that the discharge did not discharge the particular demand sued on.

2. DEEDS—DURESS.
   A deed made to discharge an actual indebtedness, though given under duress, is not absolutely void, but, at most, voidable.

3. LACHES—DEED GIVEN UNDER DURESS.
   A delay of 10 years in bringing proceedings to avoid a deed which the grantor claims was procured from him by duress is laches which will estop him and his heirs from disturbing a title based thereon, for which value was paid.

Appeal from the Circuit Court of the United States for the Western District of Texas.

This suit was commenced September 22, 1892, by S. E. Couch against Theodore H. Wood, in the district court of Crockett county, Tex., in the ordinary form of trespass to try title, under the Texas statutes, to recover 15 sections of land in Crockett county, with an additional count to remove a cloud alleged to be cast upon the title by the assertion of some claim of title by the defendant. The case was removed to the circuit court for the Western district of Texas by the defendant, who filed therein an answer, amended answer, and cross bill. He died pending the suit, and the cause was revived in the name of his daughter and sole heir at law, Clara A. Carter, joined by her husband, S. D. Carter. Thereafter the plaintiff, by way of repleader, filed an original bill of complaint in equity. Various other pleadings were filed in the progress of the cause, and after a trial on the merits a decree was rendered on April 1, 1896, in favor of the plaintiff, for the lands in controversy, quieting his title, and affording other relief. From the pleadings and the evidence the following facts appear:

From 1868 to 1872 the defendant Theodore H. Wood was agent and treasurer of the Peterborough Railroad Company, in New Hampshire, and as such gave bond in the sum of $15,000, with Josiah G. Graves and William W. Bailey as sureties. For his services he presented a bill to the company for $4,200,

which was approved by the president and other officers; and he thereupon, with their consent, paid that amount to himself. On April 15, 1879, Wood procured a discharge in bankruptcy, in the district court of the United States for the district of New Hampshire. Thereafter, and in 1882, the Peterborough Railroad Company brought a suit on Wood's bond in the supreme court of New Hampshire for the county of Hillsboro; and, although his discharge in bankruptcy was set up as a defense, a judgment was recovered against him and his sureties for $6,000. It was paid by his bondsmen, Graves and Bailey, who subsequently caused him to be indicted in New Hampshire for embezzling the $4,200 which he had paid to himself as treasurer of the railroad company. They caused him to be arrested in Massachusetts, carried on a warrant of extradition to New Hampshire, and there incarcerated. On June 19, 1882, while still in custody, on the request of his bondsmen he executed to one Frank A. McKean, as trustee, a deed to the Texas lands in controversy, whereupon he was released, and no further proceedings were had against him under the indictment.

At that time Crockett county, Tex., in which the lands were situated, was unorganized, and the deed was filed June 30, 1882, for record, in Tom Green county, to which, complainant claims, Crockett county was then attached for registration purposes. Subsequently Crockett county seems to have been attached for registration purposes to Val Verde county, and on May 7, 1889, McKean caused his deed to be there filed for record. Soon after Wood's release from imprisonment under the indictment, he brought a suit in Suffolk county, Mass., against his bondsmen, Graves and Bailey, and also against Charles H. Burns, the county solicitor of Hillsboro, county, N. H., where the indictment was found, for false imprisonment, which suit ultimately resulted in a verdict and judgment for the defendants. In March, 1885, Wood filed in the clerk's office of Kinney county, Tex., to which county, defendants claim, Crockett county was then attached for recording and judicial purposes, a caveat concerning the lands in question, duly signed and acknowledged by him, and warning all persons against negotiating therefor or meddling therewith, and stating that the deed of trust from himself to McKean had been improperly and unlawfully obtained.

On May 27, 1891, McKean conveyed the lands to the plaintiff, S. E. Couch, for a consideration partly in cash, and partly in deferred purchase-money notes. The complainant relies upon the title thus acquired, and contends that the deed from Wood to McKean, trustee, was a legal and valid conveyance, and that in any event he was an innocent purchaser for value, without any notice or knowledge of the claims of the defendants, or of the caveat filed by Wood in Kinney county. The defendants' position is that the judgment obtained against Wood and his bondsmen by the Peterborough Railroad Company was fraudulently obtained, and void; that the indictment against him was procured for the purpose of forcing him to make a settlement with his bondsmen, and that the deed to McKean in trust for them was given under duress, and was consequently invalid; that the deed from McKean to the complainant was made without consideration, and in pursuance of a combination or conspiracy between complainant and McKean, Bailey, and Graves to perfect the title in complainant; and that the latter had full notice of all the frauds, injuries, and wrongs practiced upon Wood, so that the title in his hands was void as against the defendants.

B. D. Owen, for appellants.

S. R. Fisher, for appellee.

Before PARDEE and McCORMICK, Circuit Judges, and NEWMAN, District Judge.

PARDEE, Circuit Judge. The case made by the amended bill of complaint appears to be one of slander of title, rather than to remove clouds from title, and was probably demurrable on the ground that the complainant had a complete and adequate remedy at law. Pom. Eq. Jur. § 1399; Nickerson v. Loud, 115 Mass. 94.

The judgment against Wood and his bondsmen, rendered in the case of Railroad Co. v. Wood, in the supreme court of the state of New Hampshire for the county of Hillsboro, conclusively settled the fact that Wood was indebted to the railroad company, and that Wood's previous discharge in bankruptcy did not discharge the indebtedness. As the judgment rendered in the case mentioned was satisfied by Graves and Bailey, Wood became, and was, indebted to Graves and Bailey for the amount thereof. As Wood was indebted to Graves and Bailey, the deed of Texas lands in part payment and settlement of such indebtedness, though given under duress of imprisonment, was not absolutely void, but, at most, voidable. The action thereafter instituted by Wood against Burns and Graves and Bailey in the superior court of Suffolk county, state of Massachusetts, for damages for false imprisonment, was certainly not a repudiation of the above-mentioned deed. It ought, rather, to be viewed as a ratification. This deed, executed June 19, 1882, outstanding, the failure of Wood to institute proceedings to avoid the same until the commencement of the present suit was laches, which, in a court of equity, should estop Wood and his heirs from disturbing any title based upon the deed in question, for which value was paid. On full consideration of the pleadings and all the facts and circumstances shown by the evidence, we conclude that the decree appealed from does substantial justice and equity between the parties, and ought not to be disturbed. Decree affirmed.