ANNA S. LORING & another *vs.* LORING HILDRETH
& others.

Essex.   January 24, 1898. — February 25, 1898.

Present: FIELD, C. J., ALLEN, KNOWLTON, LATHROP, & BARKER, JJ.

*Quieting Title — Constitutionality of Statute — Trust Deed — Declaration of Trust — Equity Jurisdiction.*

The St. 1897, c. 522, "relative to suits to quiet the title to real estate," is consti-
tutional.

The execution and recording of a deed of trust, which is not delivered, do not
amount to a sufficient declaration of trust, where the deed shows no intention
to create a trust except in the manner provided therein.

This court has jurisdiction in equity to enter a decree removing a cloud upon the
title to land, consisting of the execution and recording of a deed of trust which
was never delivered, there being no adequate remedy at law; and the fact that
the defendant in the suit has not done or threatened to do anything in oppo-
sition to the title of the plaintiff does not prevent the giving of the relief
prayed for.

BILL IN EQUITY, to remove a cloud upon the title to certain
land in Salem.   Hearing before *Holmes,* J., who, at the request
of the parties, reported the case for the consideration of the full
court.   The facts appear in the opinion.

*A. L. Huntington,* (*G. P. Smith* of New York with him,) for
the plaintiffs.

*R. D. Weston-Smith,* for the defendants.

ALLEN, J.   This is a bill in equity to remove a cloud upon
the title to land in the possession of the plaintiffs, who claim to
be the owners thereof.   The cloud consists in the record of a
deed of trust from the late George B. Loring to the late John
A. Loring, in trust, " during the life of Anna S. Loring, wife of
said George B. Loring, and of Sally P. Loring, the daughter of
said George B. Loring, to pay over to them one half part to each
of the net rents and profits thereof, and at the death of either
of them, the said Anna S. or Sally P. Loring, to convey her one
half share in the said estate to her heirs at law, or to make such
disposal of it as she shall direct by will."   There were further
provisions, not now material.   This deed was signed and put

on record by said George B. Loring, and it was also signed by said Anna S. Loring, to release dower and homestead, but it was never accepted by the grantee, and, upon the facts found at the hearing, it was never delivered. *Barnes* v. *Barnes*, 161 Mass. 381. It was held by us in *Loring* v. *Whitney*, 167 Mass. 550, that the existence of this deed and record constituted such a cloud that a purchaser ought not to be compelled to accept a title. The present bill, accordingly, is brought to remove that cloud.

The first question to be considered is whether the requisite parties are properly before the court; and the only doubt is whether parties unascertained and now unborn, who are contingently interested, can be so represented before the court that a decree affecting their rights can be entered. The St. of 1897, c. 522, provides that in cases like the present a guardian *ad litem* may be appointed to represent such parties, and that the suit shall be deemed to be a proceeding *in rem* against the land, and that a decree establishing or declaring the validity, nature, or extent of the plaintiffs' title may be entered, which decree shall operate directly on the land. There is no doubt that the statute is sufficient in its terms to cover the present case, and all requisite steps under the statute have been duly taken.

The question then remains, whether the statute is constitutional, under Article XII. of the Declaration of Rights, which provides that no subject shall be deprived of his property but by "the law of the land"; and the Fourteenth Amendment of the Constitution of the United States, which provides that no State shall deprive any person of life, liberty, or property "without due process of law." It is contended for the defendants that no constructive service of process can reach these persons yet unascertained and unborn. It is conceded that there may be a good constructive service upon non-residents and unknown persons, because such service enables them to come in and defend; but it is contended that this rule does not extend so far as to include persons unascertained and unborn, and that no sufficient service can be made upon them, and that therefore the provisions of St. 1897, c. 522, do not fulfil the constitutional requirement of due process of law.

If this argument were to prevail, it would often happen that the settlement of a title to land would have to remain in abey-

ance for an indefinite period of time, in cases where possible contingent interests were shown to exist. If a deed purporting to create such interests were inadvertently or fraudulently put on record, if such a deed were stolen, or even forged, and put on record by the thief or forger, — nay, even if a forgery were committed in the Registry of Deeds by making what appeared to be a record of such a deed, when in fact no such deed or form of deed existed, — the courts would be powerless to inquire into and determine the facts because parties purporting to have possible contingent interests could not be brought in or represented. In this way, a title might be tied up for an indefinite period, by an unauthorized or criminal act, with no power in the courts to afford a remedy.

Such a result should not be reached, except upon most stringent reasons of necessity. In *Clarke* v. *Cordis*, 4 Allen, 466, the constitutionality of St. 1861, c. 174, § 1, authorizing compromises of controversies respecting estates in the hands of executors, administrators, guardians, and trustees, was expressly declared. The court said : " Such contingent rights and interests are duly protected by the provision which requires the court to appoint some suitable person whose duty it shall be to represent them in all proceedings under the statute, and by the requirement that the court shall adjudge, on due examination and inquiry, that the proposed award or compromise is just and reasonable in its effect on all contingent interests in the estate in controversy." This decision has stood unchallenged for thirty-five years, and we are satisfied that it rests on sound reasoning. The only difference in principle between that case and this which has been suggested is, that the present proceeding is not in any sense one for the benefit of the defendants who are unascertained or not in being, but is strictly adversary to them. But this distinction does not vary the principle.

The necessity which has been found to exist for acting upon the view that such statutes are constitutional is illustrated by various other statutes which have been cited to us by counsel on both sides, relating to various proceedings in the Probate Court, to partition of lands, to the sale of property subject to contingent remainders, and to the determination of ancient conditions and restrictions. These have the effect to show that it has long been

assumed and understood that the Legislature has power to pass statutes under which such interests may be affected.

It is also contended by the defendants, that, although the deed of trust was never delivered, still the execution and recording of it by Mr. Loring amounted to a sufficient declaration of trust. It is conceded that, under the late English cases, there was no sufficient declaration of trust to be enforced against Mr. Loring, or persons deriving title from him. *Milroy* v. *Lord*, 4 DeG., F. & J. 264. *Richards* v. *Delbridge*, L. R. 18 Eq. 11. *Moore* v. *Moore*, L. R. 18 Eq. 474. *In re Breton's estate*, 17 Ch. D. 416. *Re Shield*, 53 L. T. (N. S.) 5. *Bottle* v. *Knocker*, 46 L. J. Ch. 159. *Ex parte Todd*, 19 Q. B. D. 186. But it is contended that these decisions proceed upon too narrow a ground, and that, although the trust deed of Mr. Loring shows no intention to make himself a trustee, and although there was no valuable consideration, yet that he intended to affect the property with a trust, and that this intention ought to be carried out. The answer to this view is, that the deed shows no intention to create a trust, except in the manner provided. If his intention could not be carried out *modo et forma*, then, so far as appears, there was no intention. The trust fails, because there was no intention to create one, which can be carried out. It often happens that charitable trusts fail because they cannot be carried out in the mode intended, if there was no intention that they should be carried out in any other mode. See *Teele* v. *Bishop of Derry*, 168 Mass. 341, and cases there cited. So here. The deed shows no intention outside of the mode and form adopted by the deed; and this fails, because the deed itself was never delivered. In *Adams* v. *Adams*, 21 Wall. 185, the court resorted to testimony outside of the deed itself to ascertain the grantor's intention, and there found an intention to create a trust. If resort were had in the present case to outside circumstances, no support is found for the view that the grantor intended to create a trust independently of the deed. Numerous decisions from other States are cited for the plaintiffs, which confirm us in the view that we should not undertake to complete and carry out the trust, which the donor himself clearly abandoned.

We have no doubt of the jurisdiction of the court to enter a decree removing the cloud upon the title, there being no ade-

quate remedy at law. *Barnes* v. *Barnes*, 161 Mass. 381. *Russell* v. *Barstow*, 144 Mass. 130. *Clouston* v. *Shearer*, 99 Mass. 209. *Burns* v. *Lynde*, 6 Allen, 305, 312. The fact that these defendants have not done or threatened to do anything in opposition to the title of the plaintiffs does not prevent the giving of the relief prayed for.                     *Decree for the plaintiffs.*