CHARLES C. GILMAN *vs.* JAMES E. GILMAN.

Suffolk. March 3, 1898. — May 17, 1898.

Present: FIELD, C. J., ALLEN, HOLMES, KNOWLTON, MORTON, LATHROP, & BARKER, JJ.

*Quieting Title — Statute.*

Where it appears that the petitioner was a purchaser of land at a sale on execution against the former owner and received a sheriff's deed, that the time for redemption has expired, that no defect in the proceedings relating to the sale or in the sheriff's deed are shown, and that no conveyance or assertion of claim to the land has been made by the former owner, the petitioner alleging that the former owner has disappeared and that his residence is unknown to the petitioner, who has reason to believe that he will not return, the petitioner's title does not appear to be clouded by an adverse claim or by the possibility of such claim, within the meaning of St. 1893, c. 340, entitled "An Act relative to quieting title to real estate."

PETITION, filed August 10, 1896, under St. 1893, c. 340, entitled "An Act relative to quieting title to real estate," to remove a cloud upon the title to certain land in Chelsea. Hearing before *Morton,* J., who ruled that the petitioner had not shown such a possibility of an adverse claim as to entitle him to a decree, dismissed the petition, and, at the request of the petitioner, reported the case for the consideration of the full court. The facts appear in the opinion.

The case was argued at the bar in March, 1898, and afterwards was submitted on briefs to all the justices.

*W. Soren,* for the petitioner.

No counsel appeared for the respondent.

ALLEN, J.   The petitioner was a purchaser of the land in question at a sale on execution against the former owner, and received a sheriff's deed.   The time for redemption has expired. No defect in the proceedings relating to the sale or in the sheriff's deed is shown.   No conveyance or assertion of claim to the land has been made by the former owner.   But the petitioner brings this petition to quiet his title, under St. 1893, c. 340, averring that the former owner disappeared from this Commonwealth prior to September 8, 1892; that his residence is unknown to the petitioner, who has reason to believe that he will not return; and that the petitioner's record title is clouded by the possibility that said former owner, or some one claiming under him, may make and maintain a claim in law or in equity adverse to the petitioner's, based upon some alleged defect in said deed, or in the proceedings authorizing the same.

No case is cited to us, and after some examination we have found none, in which a mere apprehension of this kind, when no defect or irregularity can be pointed out, has been held to constitute a cloud on the title.   Various definitions of such a cloud have been attempted, but none so far as we have seen embraces a case like this.   See Black's and Abbott's Law Dictionaries, and 6 Am. & Eng. Encyc. of Law, (2d ed.) 149 *et seq.,* where many decisions are collected.   They all agree, in effect, that in order to constitute a cloud there must at the least be something which can be pointed out, and which has some appearance of furnishing a valid objection to the petitioner's title.   See, for examples, *Pixley* v. *Huggins,* 15 Cal. 127; *Lick* v. *Ray,* 43 Cal. 83; *Parker* v. *Shannon,* 121 Ill. 452; *Rigdon* v. *Shirk,* 127 Ill. 411; *Detroit* v. *Martin,* 34 Mich. 170; *Welden* v. *Stickney,* 1 App. Cas. (D. C.) 343; *Rea* v. *Longstreet,* 54 Ala. 291, 294; *Lytle* v. *Sandefur,* 93 Ala. 396; *Thompson* v. *Etowah Iron Co.* 91 Ga. 538.   And it has been expressly declared that mere apprehension as to the validity of a title, or even oral assertions of a hostile claim, will not sustain a bill to quiet the title.   *March* v. *England,* 65 Ala. 275, 284. *Borst* v. *Simpson,* 90 Ala. 373, 376.   See also *Farnham* v. *Campbell,* 34 N. Y. 480.

A similar view has been taken in this Commonwealth. In *Nickerson* v. *Loud*, 115 Mass. 94, it was held that a paper signed by A. and recorded in the registry of deeds, giving notice that certain real estate held by B. is claimed to be held subject to a trust in favor of A., and that A. will dispute any title that B. may attempt to make, does not constitute a cloud upon B.'s title. In *Leeds* v. *Wheeler*, 157 Mass. 67, a similar doctrine was held. In *First African Methodist Episcopal Society* v. *Brown*, 147 Mass. 296, it was held that the recording of a somewhat similar paper constituted no cloud upon a title, and would not entitle a purchaser to refuse to fulfil his contract of purchase. See also *McNeil* v. *Ames*, 120 Mass. 481. In other cases, a mere possible objection to the validity of a title has not been allowed to exempt a purchaser from the duty of completing his purchase. *Hayes* v. *Harmony Grove Cemetery*, 108 Mass. 400. *Dow* v. *Whitney*, 147 Mass. 1. *Carr* v. *Richardson*, 157 Mass. 576. *Cushing* v. *Spalding*, 164 Mass. 287. See also *Cambrelleng* v. *Purton*, 125 N. Y. 610. A purchaser is excused where there is a reasonable doubt. *Loring* v. *Whitney*, 167 Mass. 550, and cases there cited.

In the present case, the proceedings under which the petitioner derived his title are all a matter of record, and his careful examination of them discloses no defect or irregularity. So far as appears, there is no more doubt as to the validity of his title than there is in every case where land is sold on an execution against the owner of it. The apprehension which the petitioner feels, with nothing which can be pointed out for it to rest upon, is not, in the opinion of a majority of the court, the possibility of an adverse claim, within the meaning of the statute. The facts in the cases of *Loring* v. *Hildreth*, 170 Mass. 328, and *Loring* v. *Whitney*, 167 Mass. 550, furnish an illustration of a cloud within the statute.

*Petition dismissed.*