# LAND COURT DECISIONS

## FREDERICK LAWTON ET AL TRUSTEES, PETITIONERS.

### Middlesex, December, 1898.

*Trust — Attempted Substitution by New Deed — Grant — By One to Himself and Others in Trust; Effect.*

The property involved in this case was conveyed in October, 1893, to a single trustee, with full power of sale, for the benefit of creditors. No provision was made in the deed for the addition, substitution or succession of other trustees, nor for the delegation of the powers therein given. In November, 1893, an attempt was made to join other trustees in a new trust for creditors, with a full power of sale to be exercised within a limited period. This attempt took the form of a deed from the original trustee to himself and two others, the debtor joining in the grant, and a contemporaneous trust indenture executed by the debtor, the trustees and certain creditors. The time limited for a disposal of the property by sale has since been extended to December, 1899.

The first difficulty in this case is in the attempted substitution of a new trust in place of the one originally created.

It was held in some early English cases that where a deed of trust was made for the benefit of creditors who were not parties to the deed and had no knowledge of it, the grantor was at liberty to create new trusts. But this doctrine was early disapproved in Massachusetts. Salisbury *v.* Bigelow, 20 Pick. 174. A voluntary trust, without power of revoca-

tion reserved, cannot be determined or superseded even with the assent of the trustee and all known beneficiaries, so long as there is any vitality in the trust requiring the active discretion of the trustee, or involving the rights of possible unascertained cestuis. Sewall v. Roberts, 115 Mass. 262. Lovett v. Farnham, 169 Mass. 1. Loring v. Whitney, 167 Mass. 550.

Where a new trustee is appointed by the Probate Court, or in conformity with the terms of a written instrument creating a trust, he succeeds to the powers of the former trustee by operation of law under the statute. P. S. C. 141, Sec. 6. In this case, however, the statute does not apply, nor was there any power under the original instrument for substitution or delegation of the power of sale. Moreover, the legal title became entirely separated from the power. The original trustee attempted to deed direct to himself with others. That a man cannot deed to himself is elementary law. Such a deed is void. But if he deed to himself and a stranger, the deed will be construed to take effect so far as possible; the grant to himself will be void, but the stranger will take. Shep. Touch. 71, 82. Perkins, 203. In the case of tenants in common, such a deed will probably be construed as conveying to the grantees their proper proportional shares only. Shep. Touch. 71, Preston's Note. Chamberlain v. Bussey, 5 Greenlf. (Maine) 164, Byam v. Bickford, 140 Mass. 31. But in the case of joint tenants, the whole fee must pass. Cameron v. Steves, 4 Allen (New Brunswick) vii.

The new trustees should reconvey to the original trustee to hold under the terms of the first trust. If this power of sale determined when he conveyed to the new trustees by reason of its having been a power strictly appendant or appurtenant to his legal estate, it will be revived by the reconveyance to him. Salisbury v. Bigelow, 20 Pick. 174.

So ordered.