# SUPREME JUDICIAL COURT

FOR THE

COUNTIES OF BRISTOL, PLYMOUTH, BARNSTABLE
AND DUKES COUNTY, OCTOBER TERM 1849,
AT PLYMOUTH.

PRESENT:

Hon. LEMUEL SHAW, Chief Justice.
Hon. SAMUEL S. WILDE,
Hon. CHARLES A. DEWEY, } Justices
Hon. RICHARD FLETCHER,

---

### John Crain *vs.* Luther Paine.

A mortgagee of personal property may make an equitable assignment of his mortgage, which courts of law will take notice of and protect, by a delivery of the deed and note to the assignee, without writing, for a valuable consideration.
An equitable assignee of a mortgage of personal property may maintain an action of trover for the conversion of such property, in the name of the assignor.
If a note, secured by a mortgage of personal property, becomes barred by the statute of limitations, the mortgagee's title to the property is not thereby defeated.

This was an action of trover, to recover the value of a small dwelling-house, and was tried before *Fletcher*, J., by whom it was reported for the consideration of the whole court.

On the 2d of September, 1833, one Alden Sibley, being then the owner of the building in question, which stood

upon land leased of one Oliver Starkweather, sold and con
veyed the same to the defendant, who thereupon mortgaged
it back to him, to secure the payment of a note of that date
for the sum of $200, payable on demand.  In October fol-
owing, Sibley gave the note and mortgage, without any
written assignment, to one Gardner Reckard, as security for
a debt of $200; and in December, 1846, Reckard delivered
the note and mortgage to the plaintiff; at whose request,
and without any additional consideration, Sibley then made
a written assignment of the mortgage to the plaintiff.  After
this conveyance, the mortgage, of which no record had been
previously made, and the assignment, were both recorded.

It was in evidence for the plaintiff, that he had taken the
necessary steps to foreclose the mortgage, and that after the
expiration of the statutory term of sixty days, and before the
commencement of this action, he made a demand upon the
defendant to deliver him possession of the building, which
the defendant refused to do.  It was admitted that the
building, at the time of the demand and of the service of
the writ, was in possession of the defendant.  But no re-
quest or demand, for the payment of the note, for which the
mortgage was given, was proved to have been made, unless
the foreclosure of the mortgage operated as such.

It was in evidence for the defendant, that on the 25th of
January, 1834, Alden Sibley, the original mortgagee, as-
signed all his property of every description, for the benefit of
his creditors; that the assignees settled the estate of the
assignor, and paid out the proceeds thereof, in conformity
with the provisions of the deed of assignment; and that in
the year 1837, the defendant became the owner in fee of the
and on which the building stood, by a conveyance from the
neirs or devisees of Oliver Starkweather.  Upon this evi-
dence, a verdict was taken by consent for the plaintiff, for
the value of the building; subject to the opinion of the
court, as to whether the plaintiff is or is not entitled to re-
cover in this action.

*J. H. Clifford,* for the defendant.

*T. D. Eliot,* for the plaintiff.

WILDE, J.    This is an action of trover, for the conver-
sion of a small building ; and the question is, whether upon
the facts reported, the plaintiff has proved a valid title to the
property.

The building, in September, 1833, was the property of one
Alden Sibley, and was by him then sold to the defendant,
who thereupon mortgaged it back as security for the payment
of a certain note of hand to him, for $200, which was then
due.    In December, 1846, this mortgage was assigned in
writing, by Sibley, to the plaintiff, whereby he acquired a
legal title to the property mortgaged, provided Sibley had a
right to make the assignment.    The counsel for the defend-
ant contends that he had not, and it was proved, that, in
January, 1834, Sibley made a general assignment of all his
property to certain assignees, in trust, for the benefit of
his creditors.    But it was also proved, that before that as-
signment, Sibley had delivered the note and mortgage to
one Reckard, as security for a debt of $200; that the note
and mortgage were afterwards by him delivered over to the
plaintiff; and that Sibley, thereupon, without any new con-
sideration, made a written assignment of the mortgage, as
before stated, to the plaintiff.

Upon these facts, the question is, whether the delivery
of the note and mortgage to Reckard, as security for a debt,
without an assignment in writing, is to be considered as an
equitable assignment, which is entitled to protection in a
court of law.    It has been long well settled, that if a note of
hand is transferred by delivery, *bona fide*, and for a valuable
consideration, this is a valid assignment in equity, which
courts of law will regard and protect, although the assignee
cannot maintain an action at law thereon in his own name.
And the same principle applies to other choses in action.    An
equitable interest in a judgment may be assigned for a val-
uable consideration, by the delivery of the execution thereon
to the assignee.    *Jones* v. *Witter*, 13 Mass. 304; *Prescott* v.
*Hull*, 17 Johns. 284; *Henry* v. *Brown*, 19 Johns. 95; *Ford* v.
*Stuart*, 19 Johns. 342; *Dunn* v. *Snell*, 15 Mass. 481.    The
same principle applies also to the mortgage, which was
41 *

delivered with the note as security.   Indeed, if the mortgage
had not been delivered with the note, the assignment of the
note would, according to the doctrine held by courts of
equity, draw after it the mortgaged property as a conse-
quence.   It was so held in *Martin* v. *Mowlin*, 2 Bur. 969, 978,
by lord Mansfield, who also held the same principle to be
applicable to mortgages of real estate, notwithstanding the
statute of frauds.   And so it was held in the case of *Green*
v. *Hart*, 1 Johns. 580.   The leading case on this point is
that of *Russel* v. *Russel*, 1 Bro. C. C. 269.   And this decision,
Powell, in his treatise on the law of mortgages, says, "had
met with universal disapprobation, because (according to the
language of lord Eldon) it was a virtual repeal of the stat-
ute; nevertheless, it had been always acted on, and each
succeeding case had added stability to a decree, which it had
previously pronounced to be settled on spurious principles."
And it has been frequently decided by this court, that such
an equitable assignment of a mortgage of real estate is not
valid by our statutes, relating to the conveyance and transfer
of real estates.   But these decisions are confined to mort-
gages of real estates; and in *Parsons* v. *Welles*, 17 Mass.
419, the distinction is alluded to between mortgages of real
and personal property, and the English doctrine as to the
latter is impliedly if not expressly admitted.

But in this case, it is not necessary to decide, that the
assignment of the mortgage debt would draw after it an
equitable assignment of the mortgage; for the mortgage
deed and the note were both deposited with Reckard for the
same purpose, namely, to secure the payment of the debt;
and this deposit amounts, according to all the authorities, to
an equitable assignment of the note and mortgage.   3 Pow.
Mortg. 1059, Rand's ed.; *Jones* v. *Gibbons*, 9 Ves. 407, 411;
*Martin* v. *Mowlin*, 2 Bur. 969; *Green* v. *Hart*, 1 Johns. 580;
*Parsons* v. *Welles*, 17 Mass. 419.

By the laws of Massachusetts, such a deposit or delivery
would not amount to an assignment of a mortgage of real
estate; but the objections to such an assignment do not
apply to mortgages of personal property.   It appears by the

cases already cited, that the delivery of a note of hand, or other chose in action, to an assignee, for a valuable consideration, without an assignment in writing, is a valid assignment in equity, which courts of law will take notice of and protect. And the assignment of a mortgage of personal property by delivery stands on the same footing, and is entitled to the same protection. By such an assignment, however, the legal estate did not pass to the plaintiff, and this action could not be maintained in his own name, before the assignment in writing; yet he might maintain an action for the conversion of the property so equitably assigned in the name of Sibley, which action Sibley would have had no right to discharge.

Nor did the title to the mortgaged property pass by the general assignment of Sibley's property for the benefit of his creditors; and it is manifest, that it was never intended to pass thereby; for the assignees have settled that concern, and paid over the proceeds of the property assigned, without claiming the mortgaged property, nor do they now claim it.

We are therefore of opinion, that the legal title to the mortgaged property remained in Sibley until he conveyed it to the plaintiff, who had before acquired the equitable title thereto from Reckard.

It was argued by the defendant's counsel, that the note has been barred by the statute of limitations; but this clearly cannot defeat the plaintiff's title to the mortgage property, so as to bar the present action.

*Judgment for the plaintiff on the verdict.*