Vandever et al. vs. Vandever et al.

CASE 35—PETITION EQUITY—SEPTEMBER 27.

# Vandever et al. vs. Vandever et al.

3me 137
f130  758

### APPEAL FROM CASEY CIRCUIT COURT.

Objection to a special judge must be made in the circuit court, otherwise it will not be available in the court of appeals.

Appellant cannot rely for reversal upon the want of necessary parties, where it was his duty to have brought them before the court.

More than five years elapsed after the making and recording of the deed under which the defendant held the slaves sued for, before the action for their recovery was commenced. Meantime the defendant had the slaves in possession, claiming them as his own adversely to every one, the plaintiff himself residing in the same neighborhood. *Held*, that the plaintiff's claim was barred.

James Harlan, for appellants.
Fox & Bell, on same side.
Z. Wheat, and T. Cravens, for appellees.

JUDGE WOOD DELIVERED THE OPINION OF THE COURT:

1. It is said that the judgment in this case is erroneous, because it was rendered by Parker C. Hardin, Esq., who was not

the judge of the court, but acted as a special judge. Upon this point it is sufficient to say, that the cause was submitted. by the consent of the parties to Mr. Hardin, as special judge, and no objection was, at any time, or in any manner, made in the circuit court, to his acting as judge in the case. This court will not now, for the first time, hear such an objection. To be made available to the party it must be made in the circuit court. We venture to say, that it would very rarely ever occur that a lawyer acted as special judge and determined a cause, if he were objected to at the time by either party. At all events, the objection must be made first in the circuit court.

2. It is said that the children of Hugh Vandever were necessary parties, inasmuch as the deed from George to Hugh Vandever conveyed the property to the latter for life, with remainder to his children, and that the judgment is erroneous because they were not before the court.

Surely it does not lie in the mouth of the appellants to complain on this score.

If the children of Hugh Vandever were necessary parties, it was the duty of appellants to have made them parties.

Can they rely upon their failure in this regard as an error for which a judgment against them should be reversed? We think not.

A conclusive answer to this ground assumed here by appellants is, that the judgment of the circuit court is favorable to the rights of these children. Neither they, nor any one else in their behalf, complain of it. This court will not, upon the complaint of their adversaries, reverse that judgment, simply because the children were not parties, and send the case back to run the chances of a judgment in the circuit court against them. The only reason for bringing the children before the court is that their rights may be protected, and that no judgment should be rendered whereby those rights were to be affected until a defense should be made for them, according to the requirements of the law. Their rights are already secured by the present judgment. It would therefore be supreme folly to reverse that judgment and remand the cause, that a defense might be put in for them.

Vandever et al. vs. Vandever et al.

Had the judgment been in favor of appellants there would have been force in the point now made, but there is none when made by appellants as an objection to the judgment against them.

Upon the merits of the case it is the opinion of the court that the judgment is clearly correct. The action was commenced originally by John Vandever to recover the slaves, Mahala and her increase.

It seems to us to be perfectly manifest that he had not a shadow of right to them. It is proved that the woman or girl Mahala, was bought with the means of the father, and for him —John acting as the agent merely of his father.

He was very young at the time, and did not, according to the proof, possess the means with which to pay for the girl. She was brought home, delivered to the father, and there remained in his possession undisturbed, and without a claim by John Vandever, for thirty-five or forty years.

If John had any claim to the slaves, he waited too long before he asserted it. His claim was too stale to be recognized in any court.

More than five years elapsed, after the making and recording of the deed from George to Hugh Vandever, before this action was commenced. Meantime, Hugh had the slaves in possession, claiming them as his own, adversely to every one—John Vandever himself residing in the same neighborhood.

We do not think that John Vandever had a right to the slaves; but if he ever had, it was effectually barred by lapse of time and the statutes of limitation.

There is no sufficient ground upon which to invalidate the deed of George to Hugh Vandever. Although the old man exhibited some follies and eccentricities of character, the weight of the proof is in favor of his competency at the time the deed was made. There is no evidence of fraud or undue influence.

The deed was made in exection of a purpose to that effect, which had been entertained by the old man for more than twenty years, and had been often expressed.

There was no case made out requiring an inquest of lunacy, or the appointment of a committee.

The judgment of the circuit court *is affirmed.*