## MARY MEIGS *vs.* MARY J. DEXTER.

Plymouth.    October 18, 1898. — November 23, 1898.

Present: FIELD, C. J., KNOWLTON, BARKER, & HAMMOND, JJ.

*Deed — Delivery — Evidence — Exceptions — Insane Delusion — Instructions.*

An instruction to the jury, that if the grantor in a deed, "after signing the deed, placed it on the table, or placed it in M.'s hands with the intention that it should become effective and operative, then there was a good delivery of the deed," is erroneous, the evidence tending to show that M. was merely a scrivener before whom the deed was laid upon the table after it was signed, and that he went away and left it there, not representing the grantee in any way.

If the petitioner for partition of land has introduced evidence tending to show that her relations and those of her son with the husband of the grantor in a deed under which the respondent claimed title to the land had always been friendly, the respondent may put in evidence an expression of the grantor's husband in his last sickness in regard to the petitioner's son manifesting ill feeling towards him.

It is not a ground of exception that testimony relating to an immaterial matter is admitted to contradict the excepting party's evidence on the same point.

At the trial of a petition for partition of land, the judge instructed the jury as follows: "I am requested to give you this instruction, which not without some modification can I do: 'It is not necessary that a person should be insane upon all subjects. It is sufficient to avoid her deed if it appears that she had an insane delusion upon one subject, and acting under the influence of that one delusion made the deed.' I do not think that goes quite far enough. A person may have an insane delusion, I think, on one subject, . . . and yet not be insane on other subjects, and have good mental capacity to do business. The question is whether that insane delusion, if a person has it, is a moving cause to some act which would not have been done except for that delusion, and which renders a person of unsound mind in respect to that thing. . . . If the act is not inspired, moved by that particular delusion, it does not affect their transactions, nor would it affect a deed." *Held,* that the petitioner had no ground of exception.

PETITION for partition of three parcels of land in Mattapoisett. The respondent claimed sole title to one parcel under a deed from Hannah Hall, a sister of the petitioner and aunt of the respondent, and disclaimed as to the other parcels. At the trial in the Superior Court, before *Richardson,* J., the jury returned a verdict for the respondent; and the petitioner alleged exceptions, which appear in the opinion.

*L. LeB. Holmes,* for the petitioner.

*O. Prescott, Jr.,* (*H. Kingman* with him,) for the respondent.

KNOWLTON, J. On the question whether there was a delivery of the deed, the judge instructed the jury that if Hannah Hall, " after signing the deed, placed it upon the table, or placed it in Captain Macomber's hands with the intention that it should become effective and operative, then there was a good delivery of the deed." The petitioner excepted to this instruction. The testimony tended to show that Captain Macomber was merely a scrivener before whom the deed was laid upon the table after it was signed, and that he went away and left it there, not representing the grantee in any way.

We are of opinion that the instruction was erroneous in omitting to embody the requirement that there should be an acceptance of the deed by some one representing the grantee. It is well settled in this Commonwealth that the delivery of a deed is not complete and effectual without an acceptance by the grantee, or by some one authorized to represent him, or who assumes to represent him, and whose act of acceptance is afterwards ratified. *Hawkes* v. *Pike,* 105 Mass. 560. *Commonwealth* v. *Cutler,* 153 Mass. 252. *Barnes* v. *Barnes,* 161 Mass. 381. Although in another part of the charge the general rule was correctly stated, we construe the bill of exceptions as showing that this particular instruction was given to the jury. The counsel on both sides agree in the same construction, and the exceptions must therefore be sustained.

The testimony of the witness Macomber was rightly admitted. The petitioner had introduced evidence tending to show that her relations and the relations of her son Joseph with Larnet Hall, the husband of the grantor in the deed, had always been friendly. The expression of Larnet Hall in his last sickness in regard to her son Joseph was a manifestation of his feelings, which had some tendency to contradict the petitioner's evidence.* If the relations of Larnet Hall to the son of the grantor were immaterial, it is not a ground of exception that testimony was admitted to contradict the petitioner's evidence on this point.

The remaining exception is to this portion of the charge: "I am requested to give you this instruction, which not without some modification can I do: 'It is not necessary that a person should

---

* The witness testified that Hall spoke about Joseph Meigs, and said, " that damned Joe had been there, and he wished he would keep away."

be insane upon all subjects. It is sufficient to avoid her deed if it appears that she had an insane delusion upon one subject, and acting under the influence of that one delusion made the deed.' I do not think that goes quite far enough. A person may have an insane delusion, I think, on one subject, as on the subject of religion, of politics even, — to make it a little more practical, — and yet not be insane on other subjects, and have good mental capacity to do business. The question is whether that insane delusion, if a person has it, is a moving cause to some act which would not have been done except for that delusion, and which renders a person of unsound mind in respect to that thing. As I say, people may have notions on religion and politics that others think are insane, delusive; but that does not make them so, and that does not render all their business acts void. I dare say you may know men you think are deluded on some subjects, and yet they may be good business men perhaps. If the act is not inspired, moved by that particular delusion, it does not affect their transactions, nor would it affect a deed." As we understand the request and the instruction, this exception should be overruled. If the words in the request, " acting under the influence of that one delusion made the deed," are to be interpreted as meaning made a deed into which the effect of the delusion entered, the request was correct; but if it means made a deed while under the influence of the delusion, which was unaffected by the delusion, it was erroneous. We think the judge stated the distinction rightly when he said: " The question is whether that insane delusion, if a person has it, is a moving cause to some act which would not have been done except for that delusion. . . . If the act is not inspired, moved by that particular delusion, it does not affect their transactions, nor would it affect a deed." The modification of the instruction requested seems to have been for the purpose of preventing a misunderstanding, which would have been probable or possible if it had been given without explanation.

*Exceptions sustained.*