COLEMAN SILBERT vs. THE EQUITABLE LIFE ASSURANCE
SOCIETY OF THE UNITED STATES & another.

Suffolk.    May 13, 1943. — July 1, 1943.

Present: FIELD, C.J., DONAHUE, QUA, DOLAN, & COX, JJ.

*Insurance, Assignment of policy, Beneficiary.    Assignment.*

A purported assignment in writing of an insurance policy by the insured
to a trustee upon an irrevocable trust never took effect where it
appeared that the insured retained the policy, in which the insurance
company at his request then substituted the trustee as beneficiary,
that the only delivery of the purported assignment was to the insur-
ance company, which did not act for the trustee or the cestuis in
accepting it, and that there was no communication about the matter
to the trustee or the cestuis until long afterwards; and the ineffectual
assignment did not preclude the insured from again changing the
beneficiary of the policy thereafter.

BILL IN EQUITY, filed in the Superior Court on June 15,
1942.

The suit was heard by *Brogna*, J.  The plaintiff appealed
from a final decree dismissing the bill.

*C. Silbert*, pro se.

*H. E. Foley*, for the defendant Silbert.

*J. E. Peakes*, (*E. Johnson* with him,) for the defendant
insurance company.

QUA, J.  This is a bill in equity to compel the defendant
assurance society to recognize a change of beneficiary re-
quested by the plaintiff in a policy of accident and health
insurance taken out by the plaintiff in 1922 in that defendant.

The plaintiff is the insured named in the policy.  His
estate was originally named as beneficiary with respect to
the death benefits.  The policy provides that consent of
the beneficiary shall not be requisite to a surrender or
assignment of the policy or to a change of beneficiary or to
any other changes in the policy.  In 1931 the plaintiff's wife
was made beneficiary.  On March 13, 1935, the plaintiff,
who is a lawyer, drew and executed in duplicate and under

seal a so called indenture of trust the material part of which read, "I give to Myron S. Silbert, my brother, the proceeds of the following life insurance policies and accident policy." Then followed a list of the policies, including the health and accident policy now in question, after which were set forth in detail the names of the beneficiaries of the trust and the terms of the trust. The plaintiff retained one of the duplicates and sent the other to the defendant assurance society with a letter stating, "Please change beneficiary to read — 'Myron S. Silbert, brother, trustee under written indenture of trust dated March 13, 1935.'" On March 25, the society sent to the plaintiff an executed "rider," entitled "Change of Beneficiary" and purporting to make Myron S. Silbert, trustee under the indenture of March 13, 1935, the beneficiary of the policy. The policy has been at all times in the possession of the plaintiff, and he has paid all the premiums. He did not communicate anything to the trustee or the cestuis concerning the trust until September, 1936, when he spoke to the trustee "of the pending controversy." The assurance society "did not communicate anything to the trustee or the cestuis concerning the matter" until May, 1937, when it "answered a written inquiry made of it by the trustee." The trial judge found that when the plaintiff executed the trust indenture, and when he mailed a duplicate original to the insurer, "he fully understood that he was creating the trust as therein set forth and so intended as at the time the creation of the trust was his primary concern. However coexistent with this purpose and intention, his quiescent state of mind due to his understanding of the law was that because he had made no communication or delivery of the trust instrument or the policy to the trustee or the cestuis or to anyone expressly in their behalf, that he had the right to revoke the trust and to change the beneficiary." The plaintiff now desires to make another change of beneficiary, so as to substitute his wife and children for Myron S. Silbert, trustee, but the defendant assurance society and the defendant Myron S. Silbert, named as trustee in the so called indenture, contend that the indenture constituted an absolute assignment of the policy to

Myron S. Silbert, trustee, and created an irrevocable trust in favor of the beneficiaries named in the indenture.

We assume in favor of the defendants, but without deciding, that under the wording of this policy, if the trust indenture ever took effect at all, it was an assignment of the policy and of all possible benefits from it, and that it created an irrevocable trust which would preclude further changes of beneficiary by the settlor-assignor. Compare *Goldman* v. *Moses*, 287 Mass. 393; *Chartrand* v. *Chartrand*, 295 Mass. 293; *Finegan* v. *Prudential Ins. Co.* 300 Mass. 147, 151; *Abbruzise* v. *Sposata*, 306 Mass. 151, 153. But the question remains whether the trust indenture was ever delivered so as to take effect at all, and this is the principal question in the case.

Where, as in this case, an attempt is made to create a trust by conveyance or assignment of the res by the settlor to a trustee, the transfer, in order to be valid and to support the trust, must conform to the legal requirements for similar transfers not in trust. An ineffectual assignment simply leaves the title in the assignor free of trust. *Loring* v. *Hildreth*, 170 Mass. 328, 331. *Welch* v. *Henshaw*, 170 Mass. 409, 413, 414 (quoting from *Milroy* v. *Lord*, 4 De G., F. & J. 264). *Johnson* v. *Johnson*, 300 Mass. 24. *Rock* v. *Rock*, 309 Mass. 44, 48. Am. Law Inst. Restatement: Trusts, § 32 (1). Scott on Trusts, § 32.2. There was no delivery of the trust indenture directly to the trustee. The only delivery was to the assurance society — a third party. In Am. Law Inst. Restatement: Contracts, § 101, it is stated that a promise under seal may be delivered "to the promisee or to any other person." See also § 102 and Restatement: Trusts, § 35, comment a. This rule places the emphasis upon relinquishment of control over the instrument by the grantor or promisor with intent to make it a finality. In this Commonwealth, however, a series of decisions, beginning with our early reports, has placed some emphasis upon the acquisition of control over the instrument by the grantee or promisee. We think that the Massachusetts annotators of the Restatement correctly state the result of our decisions when they say, in substance, that if the grantor

or promisor delivers the instrument to a third person who is not the agent of the grantee or promisee and who has not been previously designated to receive it by the parties to the instrument, there is a good delivery only if the grantor or promisor "then makes manifest to the third person his intention that the third person shall hold the instrument on the grantee's or promisee's behalf and the third person accepts it on these terms." Massachusetts Annotations to Restatement of Contracts, § 102 (5). Where this requirement is fulfilled, not only has the grantor or promisor finally relinquished control over the instrument, but that control has passed to a person purporting to act for the grantee or promisee whose action in receiving the instrument is capable of ratification by the grantee or promisee. Possibly not all of our cases are entirely consistent with the rule as thus stated, and indeed the rule itself is to be found rather by examination and comparison of the cases than by precise statement in any of them. In *Meigs* v. *Dexter*, 172 Mass. 217, 218, this court said, "It is well settled in this Commonwealth that the delivery of a deed is not complete and effectual without an acceptance by the grantee, or by some one authorized to represent him, or who assumes to represent him, and whose act of acceptance is afterwards ratified." The principal cases are cited in the footnote.[1] In the case before us there was an entire absence of evidence that the assurance society in receiving the assignment acted or purported to act in behalf of the trustee or of the beneficiaries of the trust. The trust based upon the assignment therefore fails for lack of delivery of the instrument. There is nothing in *Kendrick* v. *Ray*, 173 Mass. 305, contrary to what has been here said. In that case the policy was originally issued payable to the trustee as such,

---

[1] *Hatch* v. *Hatch*, 9 Mass. 307, 310. *Maynard* v. *Maynard*, 10 Mass. 456. *Dole* v. *Bodman*, 3 Met. 139, 143. *Samson* v. *Thornton*, 3 Met. 275, 281. *Chase* v. *Breed*, 5 Gray, 440. *Marsh* v. *Austin*, 1 Allen, 235, 238. *Cowell* v. *Daggett*, 97 Mass. 434. *Hawkes* v. *Pike*, 105 Mass. 560. *Shurtleff* v. *Francis*, 118 Mass. 154. *Stevens* v. *Stevens*, 150 Mass. 557. *Commonwealth* v. *Cutler*, 153 Mass. 252. *Parrott* v. *Avery*, 159 Mass. 594. *Barnes* v. *Barnes*, 161 Mass. 381. *Meigs* v. *Dexter*, 172 Mass. 217. See *Sullivan* v. *Hudgins*, 303 Mass. 442, 447; *Bianco* v. *Lay*, 313 Mass. 444, 447, 448. As to the effect of a record of a deed of land see G. L. (Ter. Ed.) c. 183, § 5.

and there was no question of delivery of an instrument. See *Frost* v. *Frost*, 202 Mass. 100, 103. Doubtless a different result would be reached in many jurisdictions, but we do not see how we could follow them consistently with our own cases.

It is true that in addition to receiving the duplicate original of the assignment the company changed the beneficiary in response to the plaintiff's request, so that the beneficiary became Myron S. Silbert, trustee. If this was enough, without the assignment, to constitute Myron S. Silbert a trustee, as beneficiary of the policy and not as assignee, his interest as beneficiary of the policy is subject to the terms of the policy under which, without his consent, the plaintiff can again change the beneficiary. *Kerr* v. *Crane*, 212 Mass. 224, 227, 228. Scott on Trusts, §§ 57.3, 84.1.

Since the plaintiff now has the right to change the beneficiary, the decree must be reversed and a decree entered granting to the plaintiff the relief prayed for with costs.

*Ordered accordingly.*