McEvoy, J.
Plaintiff, Nancy Kirschbaum (“Kirschbaum”), brought an action against Richard Wennett, Evelyn Ferngold, and Charles Press[2] (collectively, the “Defendants”), seeking a declaration that an amendment to the trust at issue is invalid (Count I). Alternatively, if the amendment is valid, then Plaintiff alleges a breach of contract (Count II) and also such recovery based on quantum meruit (Count III).
The Defendants have moved, pursuant to Mass.R.Civ.P. 56, for summary judgment on all counts, and the Plaintiff has moved for summary judgment as to Count I.[3] For the reasons set forth below, the Defendants’ motion for summary judgment on Counts I, II, and III is ALLOWED, whereas the Plaintiffs motion for summary judgment on Count I is DENIED.
BACKGROUND
This case arises out of the estate of Benjamin and Eleanor Broomfield (“Benjamin” and “Eleanor” respectively). The Broomfields were married in 1947 and gave birth to one son, Howard. Eleanor had a daughter prior to the marriage, the plaintiff, Nancy Kirschbaum. In 1951, the couple purchased a house in Medford, acquiring title as tenants by the entirety. Thereafter, in 1964, Eleanor conveyed her interest in the house to Benjamin.
That same year the Broomfields, having retained Attorney Richard Wennett (“Wennett”), established two wills individually and also a revocable trust entitled the “Benjamin M. Broomfield Family Trust” (the “Trust”). The Trust was established for the maintenance of the surviving spouse and upon the death of that spouse, the remainder was to pass to the issue of Benjamin and Eleanor.[4]
In 1974, Benjamin reconveyed the house to himself and Eleanor as tenants by the entirety for consider *404 ation of love and affection. Then in 1986, the Trust was amended and provided that upon the death of the surviving spouse, Kirschbaum was to receive $10,000, with Benjamin’s nieces, Evelyn Ferngold (“Ferngold”) and Helen Adams (“Adams”), and nephew, Charles Press (“Press”) each receiving $5,000. The remainder of the trust was to go to their son, Howard, or into a trust for his living issue if he predeceased the surviving spouse. Kirschbaum, Ferngold, Adams and Press were all contingent beneficiaries of the Trust, at 25 percent each, if Howard predeceased the surviving spouse and left no living issue.
On October 3, 1994, following the death of their son, Howard, the Broomfields amended the Trust again by substituting a new document for the previous Trust and naming Press and Ferngold trustees (collectively the “Trustees”). In this 1994 Trust, upon the death of the surviving spouse, Kirschbaum, Ferngold, Adams and Press were all direct beneficiaries of the Trust’s assets at an equal share of 25 percent.[5] Also on October 3, 1994, the Broomfields again transferred title of the house to Benjamin individually.
Then on January 22, 2000 Eleanor passed away, leaving Benjamin as the surviving spouse. On March 2, 2000, Benjamin again amended the Trust and also added a codicil to his will. These changes eliminated any beneficial interest in his will or the Trust for Kirschbaum and instead distributed the Trust property in equal shares to Press, Adams, and Ferngold.
Benjamin signed the documents, at which time Wennett suggested, in the presence of Ferngold and Press, that he keep the copies and originals in the firm’s vault with the Trust of 1994 and Benjamin’s will. Benjamin, Ferngold, and Press all agreed. Benjamin died on April 1, 2000, having made no further changes to either documents. These facts are not disputed for purposes of this motion.
DISCUSSION
Summary judgment shall be granted where there are no genuine issues of material fact and where the moving party is entitled to judgment as a matter of law. McNeil v. Metropolitan Property & Liability Ins. Co., 420 Mass. 587, 589 (1995); Cassesso v. Comm’r of Corrections, 390 Mass. 419, 422 (1983). The facts must be viewed in the light most favorable to the opposing party, and any reasonable inferences are to be drawn in their favor. G.S. Enterprises, Inc. v. Falmouth Marine, Inc., 410 Mass. 262, 263 (1991). The moving party bears the burden of affirmatively demonstrating the absence of a triable issue at which time the opposing party must respond and allege specific facts establishing a genuine issue of material fact. Pederson v. Time, Inc., 404 Mass. 14, 16-17 (1989). Finally, a party moving for summary judgment, in a case where the opposing party has the burden of proof, will succeed if they demonstrate that the opposing party “has no reasonable expectation of proving an essential element of that party's case.” Kourouvacilis v. General Motors Corp., 410 Mass. 706, 716 (1991).
A. Trust Amendment
The parties have filed cross motions for summary judgment as to Count I, concerning the validity of the March 2, 2000 Trust amendment.[6] Kirschbaum contends that the amendment is invalid for a want of delivery to the trustee, and therefore she is entitled to the 25 percent beneficial interest provided in the 1994 Trust.[7]
Benjamin, as settlor of the revocable Trust, is expressly granted the right to amend the instrument. Paragraph 22 of the 1994 amended trust states in pertinent part: “(t]he Donor reserves to himself during his lifetime the power by written instrument or written instruments deposited with the Trustee at any time or from time to time, prior to the donor’s death ... to vary or modify the terms of this trust.” (Emphasis added.)
“Where a trust instrument explicitly provides for a power and method of modification, that power must be exercised in strict conformity to its terms.” Fogelin v. Nordblom, 402 Mass. 218, 223 (1988), quoting Phelps v. State Street Trust Company, 330 Mass. 511, 512 (1953); Leahy v. Old Colony Trust Co., 326 Mass. 49, 52 (1950). Strict conformity in this case involves depositing the amendment with the trustee. The validity of the March 2000 Trust amendment, and therefrom the interest of Kirschbaum as a beneficiary, thus depends upon whether delivery of the amendment occurred between Benjamin and the Trustees at the meeting with Wennett on March 2, 2000.
First, the term “deposit” under the trust connotes delivery of the written instrument to the trustee. Crain v. Paine, 58 Mass. 483, 486 (1849). Physical delivery however is not required for a deposit to be effective.[8] The SJC has held that a transfer between a settlor and trustee of a trust document is valid if it conforms to the legal requirements for similar transfers not in trust. Silbert v. Equitable Life Assur. Soc. of U.S., 314 Mass. 406, 408 (1943). For example, “manual delivery of a recorded deed is not required to work a transfer, and that acts of the grantee when coupled with a purpose of the grantor to treat the deed as delivered are sufficient to pass the title.” Sullivan v. Hudgins, 303 Mass. 442, 447 (1939). Furthermore, “(I]t is not necessary, as between the parties themselves, even when both are present, that the deed should be placed in the actual custody of the grantee, or of his agent. It may remain with the grantor, and it will be good, if there are other acts and declarations sufficient to show an intention to treat it as delivered.” Id. at 447, quoting Regan v. Howe, 121 Mass. 424, 426 (1877).
Secondly, delivery of the instrument requires a “relinquishment of control over the instrument by the grantor or promisor with the intent to make it a finality.” Silbert v. Equitable Life Assur. Soc. of U.S., 314 Mass. 406, 408 (1943). Here, Benjamin executed the Trust amendment, handed it to Wennett for nota *405 rization, at which time Wennett inquired as to placing the document into the firm's vault. The Trustees, who were both present, and Benjamin, the settlor, agreed to this arrangement. Thus, by handing over the document in the presence of both Trustees, with their assent to leaving the amendment with Wennett, Benjamin relinquished control. Further, Benjamin clearly stated that he wanted to amend his estate documents so that Kirschbaum, after not helping when Eleanor was sick and not coming to the funeral, would not receive anything.[9] His clear intention to amend his estate documents, combined with the presence of the Trustees, demonstrate his intent to make the amendment a finality.
Thirdly, both parties contend that because the execution of amendment occurred through Wennett, delivery must be in accord with the established third-party delivery standard. Silbert, 314 Mass. at 409. See also Papale-Keefe v. Altomare, 38 Mass.App.Ct. 308, 308-10 (1995). In Silbert, the settlor executed an irrevocable indenture of trust naming his brother as trustee, with his wife as beneficiary but then amended the document by changing the beneficiary to his brother. Id. at 406-07. The settlor retained one copy of the amendment and sent the other to the assurance society with a letter requesting the change in beneficiary. Id. However, the settlor never delivered the trust indenture directly to the trustee, nor did the trustee have any knowledge of the alteration. Id. at 408. The court opined that under these circumstances there is good delivery “only if the grantor or promisor then makes manifest to the third person his intention that the third person shall hold the instrument on the grantee’s or promisee’s behalf and the third person accepts it on these terms.” Id. at 409; Papale-Keeje, 38 Mass.App.Ct. at 309. Based upon that declaration the court concluded that there was “an entire absence of evidence that the assurance society in receiving the assignment acted or purported to act in behalf of the trustee or of the beneficiaries of the trust.” Silbert, 314 Mass. at 409; Papale-Keefe, 38 Mass.App.Ct. at 309-10 (finding that the third party never accepted delivery for the trustee and that the trustee was never notified of the funding document).
The case at bar conforms to the established third-party delivery standard. The actions of Benjamin and the Trustees lie in direct contrast to their counterparts in Silbert and Papale-Keeje, where the court held that delivery was not effective because the trustees lacked any involvement and had a complete lack of knowledge of the documents attempting to be delivered. Here, both Trustees were actually present when the amendment was executed. Furthermore, the Trustees were involved in the process and knew the reasoning and substance of the amendment. Thus, the agreement of ' Benjamin and both Trustees for Wennett, as a third person, to hold the amendment demonstrated the settlor’s intention that the third person shall hold the instrument on the Trustees’ behalf.
Therefore, in this case where the settlor has a clear intent to amend the revocable Trust and the Trustees are present, involved in the execution of that document, and accept a third party holding the document, the amendment is deposited or delivered with the Trustees in conformity with the Trust provision. Hence, Defendants’ motion for summary judgment as to Count I is Allowed, while Plaintiffs cross motion for summary judgment is Denied.
B. Breach of Contract
Defendants move for summary judgment on Counts II and III concerning an alleged oral contract between Benjamin and Eleanor. Plaintiff contends that Eleanor’s transfer in 1994 of her half interest in the house to Benjamin was in consideration for an alleged promise by Benjamin to irrevocably assign Kirschbaum as a 25 percent beneficiary of the Trust.
Plaintiff argues that there should be an inference of an oral contract from the simultaneous execution of the deed and Trust amendment of 1994. However, a simultaneous execution of a will and a business document, in the absence of specific language concerning a common purpose, should not be interpreted as expressing a contractual obligation. Tweedie v. Sibley, 25 Mass.App.Ct. 683, 686 (1988). Further, evidence sufficient to prove an oral contract and thus override specific provisions of validly executed testamentary documents and the Statute of Frauds must be clear and persuasive. Ryan v. Ryan, 419 Mass. 86, 92 (1994).
Here, there was a history of changing the interest in the house between the spouses. In 1951, Benjamin and Eleanor purchased the house in Medford, acquiring title as tenants by the entirety. Then in 1964, Eleanor conveyed her interest in the house to Benjamin. Once again, this time in 1974, Benjamin conveyed the house back to the couple as tenants by the entirely. Finally, in 1994 Eleanor again conveyed her interest in the house back to Benjamin.
Furthermore, the 1994 amendment, which Kirschbaum argues was made in consideration of Eleanor’s conveyance of her interest in the house, was necessitated by the death of Benjamin and Eleanor’s lone child, Howard. The 1994 amendment merely perpetuated the remainder interest that Kirschbaum, Ferngold, Adams, and Press all held under the previous document. Thus with a history of numerous conveyances and the necessity to amend the Trust after their only son’s death, the mere timing of the conveyance and amendment does not create a reasonable inference of an oral contract.
Finally, Kirschbaum relies on statements by Eleanor and Benjamin as evidence of an oral contract.[10] Viewing these statements in the light most favorable to the Plaintiff and taking them as true, there is still *406 no evidence of any oral agreement between Benjamin and Eleanor.[11] The statements do not demonstrate or even mention that Eleanor transferred her interest in the house as consideration for making Kirschbaum’s beneficial interest in the Trust irrevocable. These statements merely describe the state of the testamentary documents prior to the final amendment made by Benjamin after Eleanor’s death or are inconsistent with the terms of the alleged oral contract. Thus, neither the statements nor the simultaneous execution of the documents present clear and persuasive evidence necessary to prove an oral contract overriding an express provision of a testamentary document and the Statute of Frauds. See Rogers v. Regnante, 50 Mass.App.Ct. 149 (2000) (upholding the grant of summary judgment, in deciding that evidence presented was not clear and persuasive, thus not sufficient to override the provisions of a will that were contrary to offered proof).
Therefore, the plaintiff has no reasonable expectation of proving a necessary element of the case and summary judgment should thus be granted. Kourouvacilis v. General Motors Corp., 410 Mass. 706, 716 (1991). Furthermore, because performance under the contract is absent, the Plaintiff cannot recover under the theory of quantum meruit. Hence, Defendants’ motion for summary judgment on counts II and III is Allowed.
ORDER
It is therefore ORDERED that the Defendants’ Motion for Summary Judgment as to Counts I, II, and III, pursuant to Mass.R.Civ.P. Rule 56, is ALLOWED. Whereas Plaintiffs Motion for Summary Judgment as to Count I is DENIED.

 Kirschbaum, Individually and as the Administratrix with the will annexed of the estate of Eleanor Broomfield, brings this claim against Richard Wennett and Evelyn Ferngold, as Co-Executors of the estate of Benjamin M. Broomfield, and Evelyn Ferngold and Charles Press, as Trustees of the Benjamin M. Broomfield Family Trust.

 It is the Court’s understanding that Count IV, concerning proceeds from certain personal property, has been settled and is thus moot. See Memorandum of Law in Support of Defendants’ Motion for Summary Judgment, fir 1.

 Originally, no provision was made for Kirschbaum individually.

 The Broomfields amended other estate planning documents as well on that date. Eleanor’s will, dated October 3, 1994 left $10,000 to her grandchildren and the residue to Kirschbaum individually. Benjamin’s will of the same date, left his tangible property to the four individuals named in the trust if Eleanor predeceased him, with the remainder of his property going to the trust.

 Both parties agreed during the hearing on this motion that there were no issues of material facts in dispute concerning Count I.

 Plaintiff argues in the alternative, though the Amended Complaint does not contain such a claim, that the March 2, 2000 amendment is ineffective by reason of the alleged invalidity of the October 3, 1994 amended Trust. This has not been raised by the pleadings and there has been no motion to amend the complaint filed.

 Plaintiff argues that Crain. 58 Mass. at 486. stands for the proposition that physical delivery is necessary for a deposit to be effective. This argument has no merit. The SJC did not include or even mention the term “physical” in their utilization of the terms deposit or delivery. Id.

 See affidavit of Arthur Mabbett, Charles Press, and Richard Wennett. exhibits A, B, and C respectively of Defendants’ Motion for Summary Judgment.

 “On several occasions between 1994 and 1999, Eleanor told me, in Benjamin's presence, that I would receive one half of their house in Medford, Massachusetts, upon the death of the survivor of Benjamin and her. Eleanor also told me during this period, in Benjamin’s presence, that I would inherit 25% of Benjamin’s assets. Benjamin did not contradict any of the foregoing statements in any way.” Affidavit of Nancy Kirschbaum, pg. 2.

 Plain tiff concedes that the statements presented are insufficient to prove an oral agreement to make a will. Plaintiff also concedes that certain statements are not consistent with the terms of the oral agreement alleged. Plaintiffs Opposition to Defendants’ Motion for Summary Judgment, pg. 19.